## CITIZENS STREET RAILROAD COMPANY ET AL. *v.* MARVIL.

[No. 20,044. Filed June 3, 1903. Rehearing denied December 11, 1903.]

NEGLIGENCE.—*Personal Injuries.—Complaint.*—A complaint against a street railroad company and a city for personal injuries to plaintiff alleged to have resulted from plaintiff's being thrown from his wagon because of a depression in the street is not insufficient as against the street railroad company because of its failure to show that such defendant negligently performed any act, or that any act of said company caused the injury, where it was alleged that the street railroad company took up an old rail at said place and put in a new one, and so carelessly and negligently performed its said work as to leave said street in a dangerous and unsafe condition, and that the accident occurred "wholly by reason of the negligence of said defendants." *pp. 507–509.*

SAME.—*Notice.—Pleading.*—In an action against a street railroad company for damages for personal injuries sustained by reason of a depression in the street, it is not necessary to allege notice of the defect by defendant, where it was alleged that the depression was caused by the negligent failure of the street railroad company properly to fill an excavation made by it in repairing its track. *pp. 509, 510.*

APPEAL.—*Bill of Exceptions.— Time of Filing.—Record.*—If time is given beyond the term for filing a bill of exceptions, that fact must be shown by an order-book entry, and can not be shown by a statement in the bill of exceptions. *pp. 510, 511.*

SAME.—*Bill of Exceptions.*—Where a motion for a new trial was overruled the second term of court after the motion was filed, and the order-book entry of that day's proceedings only shows such ruling and an exception, and leave to file a bill of exceptions was not given until several days after the motion for a

new trial was overruled, the bill of exceptions was without authority, and was not properly in the record.   *pp. 510–512.*

APPEAL.—*Presumptions.*—Nothing to the contrary being shown by the record, it will be presumed on appeal that motions for a new trial were properly overruled.   *p. 512.*

From Johnson Circuit Court; *W. J. Buckingham,* Judge.

Action by John Marvil against the Citizens Street Railroad Company and the city of Indianapolis. From a judgment for plaintiff, defendants appeal. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed*

*F. Winter, Clarence Winter, W. H. Latta, F. A. Joss, L. D. Hay, R. M. Miller* and *H. C. Barnett,* for appellants. *A. C. Ayres, A. Q. Jones* and *J. E. Hollett,* for appellee.

MONKS, C. J.—This action was brought March 1, 1898, by appellee against the Citizens Street Railroad Company and the city of Indianapolis to recover damages alleged to have resulted from appellee's being thrown from his wagon, the wheel of which ran into a depression in a street of said city, negligently created by the street railroad company, and negligently permitted by the city to remain in an unsafe and dangerous condition. A trial of the cause resulted in a verdict and judgment in favor of appellee against appellants.

The errors assigned by the street railroad company are that the court erred (1) in overruling its demurrer for want of facts to the third amended complaint; (2) in overruling its separate motion for a new trial. The only error assigned by the city of Indianapolis is that the court erred in overruling its motion for a new trial.

It is insisted by the street railroad company that said amended complaint is insufficient because it is not alleged that said company "negligently performed any act, or that any act of said company caused the injury." It is alleged in said amended complaint: "That on, to wit, the 19th day of January, 1898, on a certain much-traveled street in said city, known as West Michigan street, at a point

about 700 feet east of the east end of the bridge crossing
White river, the defendant the Citizens Street Railroad
Company, not regarding its said duty, took up an old brok-
en rail in its line of street railway on said West Mich-
igan street at said place, and put in a new rail, and so
carelessly and negligently performed its said work as to
leave said street in a dangerous and unsafe condition, by
putting loose dirt in the excavation so made in changing
said old rails for new ones, so as to allow the loose dirt
immediately to settle, and leave a dangerous hole or exca-
vation, from fourteen to twenty inches deep, several inches
wide, and between fifteen and twenty feet long, so as to
permit animals or vehicles to drop down in said dangerous
hole or excavation, and thereby frighten animals, break
vehicles, and endanger the lives and limbs of travelers along
said street; that on the day of plaintiff's accident, here-
inafter described, it was raining, and on said day the said
hole or excavation was filled with water or mud slush,
and about fifteen to twenty feet long, one foot wide, and
from fourteen to twenty inches deep; that the said defend-
ant the city of Indianapolis was guilty of negligence in
failing to keep the said street at said place in safe repair;
that the said street was in said defective condition, and
said hole or excavation was open for from fifteen to twenty
days or more before plaintiff's accident, and that the city
of Indianapolis knew, or by the use of ordinary care could
have known, of the defective condition of said street at
said place in time to have repaired the same before plain-
tiff was injured as hereinafter described; that plaintiff,
who is a resident of the State of Indiana, in an adjoining
county, on said 19th day of January, 1898, in the day-
time, about 2 o'clock p. m., while driving west on said
West Michigan street in his vehicle, passed over that por-
tion of said street occupied by the defendant citizens rail-
road lines of said street railway, having no knowledge
of said defective street railway, using due care, and, with-

out fault or negligence on his part, the plaintiff's horse stepped into the said hole or excavation left by the defendants as aforesaid, which frightened plaintiff's horse, causing it to jump or lunge forward, pulling the forward wheel of the said vehicle in which plaintiff was riding into the said hole or excavation, breaking said wheel and the tongue of plaintiff's said vehicle, and thereby further frightening plaintiff's team hitched to said vehicle, and throwing plaintiff out, and thereby, without fault or negligence on the plaintiff's part, severely injuring the plaintiff in the back, spine, hip, and arm," etc. It is also alleged "that said accident occurred without any fault or negligence on the part of appellee, and wholly by reason of the negligence of said defendants." Said objections to the complaint are not tenable. *Pittsburgh, etc., R. Co.* v. *Wilson, post,* 701, and cases cited.

It is also urged that said amended complaint is insufficient because it does not allege that said street railroad company had any notice of the defective condition alleged. It was not necessary to allege notice to it of the depression caused by its negligent failure properly to fill an excavation made by it in repairing its track. It was the duty of said company to anticipate and provide for the natural effect of rains upon earth placed in said excavation, and it is liable for any injury resulting from its negligent failure to do so. *Worster* v. *Forty-Second St., etc., R. Co.,* 50 N. Y. 203, 204; *Southern Ex. Co.* v. *Texarkana Water Co.,* 54 Ark. 131, 133; Nellis, Street Surface Railroads, 259; Booth, Street Railway Law, §290. Clearly, it is the law in this State that where the defect in the highway results from the acts of the railway company, as in negligently making the original construction, or negligently repairing the same, no averment of notice is necessary. §5454 Burns 1894, Acts 1891, p. 109; 23 Am. & Eng. Ency. Law, 978, 979, and cases cited; Booth, Street Railway Law, §290; *Evansville, etc., R. Co.* v. *Carvener,*

113 Ind. 51, 52; *Louisville, etc., R. Co.* v. *Smith,* 91 Ind. 119; *Louisville, etc., R. Co.* v. *Phillips,* 112 Ind. 59, 61, 2 Am. St. 155. Nor is there any merit in the objection that the allegations of said amended complaint do not show that the negligence of the company was the proximate cause of the appellee's injury. *Southern Ex. Co.* v. *Texarkana Water Co., supra.* The court did not err in overruling said demurrer to the third amended complaint.

It is next urged that the court erred in overruling the separate motion of each appellant for a new trial. The grounds assigned for a new trial in each of said motions depend for their determination upon the evidence admitted and excluded, and the instructions given and refused, which are not in the record. It appears from the record that this cause was tried and a verdict returned against appellants at the May term, 1900, of the court below. At the same term of court each of the appellants filed a motion for a new trial. Said cause was continued from said May term to the October term, and from the October term to the February term, 1901, when, on February 25, 1901, said motions were overruled. No time was then or on that day given by the court within which to file bills of exceptions. Several days afterwards, and before the adjournment of said February term, 1901, ninety days were given appellants within which to file a bill of exceptions. Two bills of exceptions were filed after the expiration of the said February term, but within the ninety days given. It is well settled that exceptions to the rulings of a court must be taken at the time the rulings are made, but time may be given by the court to the party taking the exceptions to prepare and file a bill of exceptions showing such rulings and exception, but not beyond the term, unless by special leave of court. §638 Burns 1901, §626 R. S. 1881 and Horner 1901; Elliott, App. Proc., §§785, 786; Ewbank's Manual, §§7, 24; *Brown* v. *Ohio, etc., R. Co.,* 135

Ind. 587, and cases cited; *Minnick* v. *State, ex rel.*, 154 Ind. 379, 382-384.

If time is given beyond the term for the preparation and filing of a bill of exceptions, that fact must be shown by an order-book entry, and can not be shown by a statement in the bill itself. Ewbank's Manual, §24, and cases cited in note 3; Elliott, App. Proc., §801. It is expressly provided by statute, however, that the rulings of a court which constitute causes for a new trial, and the exceptions thereto, if such rulings are assigned as causes for a new trial, are carried forward by such motion to the time of the ruling thereon, when time may be given by the court within which to prepare and file a bill of exceptions containing such rulings and exceptions. §638, *supra;* Ewbank's Manual, §33; *Minnick* v. *State, ex rel., supra.*

It has been held by this court, under said §638, *supra,* that where the order-book entry of the same day's proceedings in a cause shows the overruling of the motion for a new trial, and a proper exception to such ruling, and said entry also shows that time was given beyond the term within which to file a bill of exceptions, and the bill of exceptions was filed within the time limited, it is in the record, even if said order-book entry shows other steps in said cause have intervened between the ruling on the motion for a new trial and the exception thereto, and the giving of time to file the bill of exceptions; that such an entry shows not only that appellant excepted at the time of the overruling of the motion for a new trial, but that time was then given beyond the term, within which to file a bill of exceptions. *Kopelke* v. *Kopelke,* 112 Ind. 435, 437, 439; *Vogel* v. *Harris,* 112 Ind. 494, 495.

In this case the motions for a new trial were overruled on February 25, 1901, the second term of court after the motions were filed. The order-book entry of that day's proceedings in said cause only shows these rulings, and that they were each excepted to, but by whom the excep-

tions were taken, it is not stated. As leave to file a bill of exceptions was not given until several days after the motion for a new trial was overruled, it was without authority, for the court can only grant such leave at the time and in the manner provided by statute. *Hotsenpiller* v. *State*, 144 Ind. 9, 11; *Minnick* v. *State, ex rel., supra.* It follows that said bills of exceptions were not in the record. It must be presumed, therefore, that the motions for a new trial were properly overruled, nothing to the contrary being shown in the record. Ewbank's Manual, §198.

Judgment affirmed.