## HUNTINGTON BREWING COMPANY *v.* MILES.

[No. 21,989. Filed October 27, 1911. Rehearing denied January 31, 1912.]

1. BILL OF EXCEPTIONS. — *Time of Filing.* — *Extension Beyond Term.*—A grant of time beyond the term in which to file a bill of exceptions not made at the time the motion for a new trial was overruled, but several days afterward, is void. p. 110.

2. BILL OF EXCEPTIONS. — *Time of Filing.* — *Extension Beyond Term.*—*Additional Time.*—An order of court granting a further extension of time in which to file a bill of exceptions is void unless based on a legal extension of the time granted during the term when the motion for the new trial is overruled. p. 111.

3.   BILL OF EXCEPTIONS.—*Void Extension of Time.—Record.*—A bill of exceptions filed in pursuance of a void order for extension of time for filing same does not become a part of the record. p. 111.

4.   APPEAL.—*Ruling on Motion fo.· New Trial.—Presumption.*— Where nothing to the contrary appears by the record, it will be presumed on appeal that the motion for a new trial was prop· erly overruled. p. 111.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Action by Darwin E. Miles against the Huntington Brewing Company and another. From a judgment for plaintiff, defendant Huntington Brewing Company appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Affirmed.*

*Watkins & Butler,* for appellant.
*Bowers & Feightner,* for appellee.

MONKS, J.—The only error assigned calls in question the action of the court in overruling appellant's motion for a new trial. The grounds assigned for a new trial depend for their determination on the evidence which is not in the record.

Appellee recovered judgment in the court below against appellant and one Hoch. Afterward appellant filed its separate motion for a new trial, which was overruled on December 14, 1908, during the September term, 1908, of said court, to which ruling of the court appellant excepted, but no time was then given appellant within which to file bills of exceptions. Afterward said Hoch filed his motion for a new trial, which at the same term, on December 19, 1908, was sustained, and the cause dismissed as to him.

As time beyond the term was not granted appellant in which to file bills of exceptions when his motion for a new trial was overruled, but was granted several days afterward, the same was without authority and void, for the reason that the court can only grant such time at the time and in the manner provided by statute, which is at the time said motion is overruled. *Citizens St. R. Co.* v.

*Marvil* (1903), 161 Ind. 506, 510-512, and cases cited; *Ross* v. *State* (1909), 171 Ind. 662, 670-672, and cases cited; *Brown* v. *American Steel Co.* (1909), 43 Ind. App. 560, 563-565, and cases cited; *Theobald* v. *Clapp* (1909), 43 Ind. App. 191, 193-195, and cases cited.

As to the rule when the code of 1852 was in force, see *Stribling* v. *Tripp* (1882), 86 Ind. 166, 169.

After the expiration of said September term of said court, and before the expiration of 120 days' extension, the court, on application of appellant, made an ·order granting 2. a further extension of thirty days, and a bill of exceptions, purporting to contain the evidence, was filed within said thirty days. The order for said reëxtension of time was void, because the statute authorized the court to grant an extension of time after the expiration of the term only in cases where a legal extension had been granted 3. during said term. It follows that said bill of exceptions is not in the record and cannot be considered. *Ross* v. *State, supra,* 672.

It must be presumed that appellant's motion for a new trial was properly overruled, nothing to the contrary 4. being shown by the record. *Ross* v. *State, supra,* 673, and authorities cited.

Judgment affirmed.

NOTE.—Reported in 96 N. E. 145. See, also, under (1) **3 Cyc.** 41, 46; (2) 3 Cyc. 42; (3) 2 Cyc. 1041; (4) 3 Cyc. 319.