## STREMMEL v. GAAR, SCOTT & CO.

[No. 22,105. Filed December 6, 1911.]

1. EXCEPTIONS, BILLS OF.—*Time for Filing.—How Secured.—Extensions.—Appeal.*—Where time beyond the term for the filing of a bill of exceptions was not granted until several days after the overruling of the motion for a new trial, the grant is void; and subsequent extensions of such time will not operate to render valid a bill of exceptions filed under such authority. p. 601.

2. EXCEPTIONS, BILLS OF.—*Time for Filing.—Extensions.—How Shown.*—Extensions of time for the filing of bills of exceptions, when granted in vacation, can only be shown by the bill of exceptions. p. 602.

3. APPEAL.—*Bills of Exceptions.*—*When not Considered.*—Bills of exceptions that are not filed according to law, will not be considered on appeal. p. 602.

From Washington Circuit Court; *Thomas B. Buskirk,* Judge.

Suit by Gaar, Scott & Co. against George W. Stremmel. From a decree for plaintiff, defendant appeals. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590. *Affirmed.*

*James M. Fippen* and *Frank B. Fippen,* for appellant.
*Elliott & Houston,* for appellee.

MONKS, J.—The only error assigned and not waived calls in question the action of the court in overruling appellant's motion for a new trial. It is insisted by appellant that the ''decision of the court is not sustained by sufficient evidence,'' and that it ''is contrary to law.'' No other causes assigned for a new trial are urged as grounds for reversal of the judgment.

These causes for a new trial depend for their determination on the evidence which is not in the record. Appellee recovered judgment against appellant. Afterward appellant filed a motion for a new trial, which was overruled by the court, to which ruling appellant excepted, but no time was then given in which to file a bill of exceptions. Several days afterward, the court, on request of appellant, granted time beyond that term of court within which to file a bill of exceptions.

As time beyond the term to file a bill of exceptions was not granted when the motion for a new trial was overruled, but was granted several days afterward, the grant was without authority and void, for the reason that the court can only grant such time at the time and in the manner provided by statute, which is at the time the motion for a new trial is overruled. §656 Burns 1908, §626 R. S. 1881; *Huntington Brewing Co.* v. *Miles* (1912), 177 Ind. —, and cases cited.

Afterward, at the May term of said court, appellant was granted an "extension of twenty days, beyond the sixty days given, in which to file his bill of exceptions." Afterward, in vacation, another extension of thirty days was granted appellant within which to file a bill of exceptions. What purports to be a bill if exceptions containing the evidence was filed before the expiration of this last extension of time.

These orders for reëxtension of time were void, because the statute authorized the court to grant an extension of time after the expiration of the term in cases only where a legal extension had been granted during said term. *Huntington Brewing Co.* v. *Miles, supra.* Moreover, the extension of time granted in vacation can only be shown by the bill of exceptions, and no mention is made, in what purports to be a bill of exceptions, that any extension of time was granted within which to file said bill. *Vandalia Coal Co.* v. *Yemm* (1911), 175 Ind. 524.

It follows, that what purports to be a bill of exceptions is not in the record, and cannot be considered. *Rose* v. *State* (1909), 171 Ind. 662; *Huntington Brewing Co.* v. *Miles, supra.*

It is not necessary to determine whether the court is authorized to grant a third extension of time, as was done in this case. It must be presumed that appellant's motion for a new trial was properly overruled, nothing to the contrary being shown by the record. *Huntington Brewing Co.* v. *Miles, supra.*

Judgment affirmed.