## WILSON ET AL. v. KESTER ET AL.

[No. 8,737. Filed October 5, 1915.]

1. APPEAL.—*Questions Reviewable.—Evidence Not in Record.*— Where the only questions sought to be presented depend upon the evidence, and the evidence is not in the record, there is nothing to be determined. p. 471.

2. APPEAL.—*Bill of Exceptions.—Filing.—Extension of Time.*— Under §656 Burns 1914, §626 R. S. 1881, an extension of the time beyond the term for filing a bill of exceptions, to be effective, must be granted when the motion for a new trial is overruled. p. 471.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Action by Mary A. Kester against Ella S. Wilson and others. From the judgment rendered, Ella S. Wilson and another appeal. *Affirmed.*

*G. A. Henry* and *J. T. Strange,* for appellants.
*Hiram Brownlee* and *Orlando L. Cline,* for appellees.

FELT, J.—The only error assigned and relied on for reversal of the judgment of the lower court is the overruling of appellants' motion for a new trial. The only questions attempted to be presented under the motion for a new trial depend upon the evidence which is not properly in the record, and can not therefore be considered.

The motion for a new trial was overruled on June 23, 1913, and on June 30, 1913, at the same term of court, appellants were given ninety days to file their bill of exceptions containing the evidence. Under the statute and repeated decisions of both our courts of last resort, to be effective, an extension of time beyond the term, in which to file a bill of exceptions, must be granted when

472    APPELLATE COURT OF INDIANA,

Julius Keller Constr. Co. v. Herkless—59 Ind. App. 472.

the motion for a new trial is overruled. §656 Burns 1914, §626 R. S. 1881; *Huntington Brewing Co.* v. *Miles* (1912), 177 Ind. 109, 96 N. E. 145; *Stremmel* v. *Gaar, Scott & Co.* (1911), 176 Ind. 600, 96 N. E. 703; *Theobald* v. *Clapp* (1909), 43 Ind. App. 191, 87 N. E. 100; *Brown* v. *American Steel, etc., Co.* (1909), 43 Ind. App. 560, 88 N. E. 80. Judgment affirmed.

NOTE.—Reported in 109 N. E. 744. See, also, under (1) 3 Cyc. 164.