## TOZER, ADMINISTRATOR, *v.* HOBBS' ESTATE.

[No. 11,545.   Filed January 26, 1923.]

1. BILL OF EXCEPTIONS.—*Filing.—Extension of Time.—Statutes.* —Under §656 Burns 1914, §626 R. S. 1881, referring to civil action, an extension of time beyond the term for filing a bill of exceptions, to be effective, must be granted at the time the motion for new trial is overruled; the courts having no power to grant such extensions independent of the statute.   p. 260.

2. APPEAL.—*Questions Reviewable.—Evidence not in Record.*— Where the only questions sought to be presented on appeal require a consideration of the evidence, and the evidence is not in the record, no question is presented for review.   p. 260.

From Clay Circuit Court; *Thomas W. Hutchinson,* Judge.

Action by Roy V. Tozer, administrator, against the estate of Rochester Hobbs, deceased. From the judgment rendered, the plaintiff appeals. *Affirmed.*

*Otto T. Englehart, R. V. Tozer* and *Hottel & Patrick,* for appellant.

*Rawley & Baunmunk* and *Edward H. Knight,* for appellee.

PER CURIAM.—The administrators of the appellee estate have entered their special appearance herein and moved to dismiss this appeal, for various reasons, as set forth in said motion, each and all of which involve an examination of the transcript of the record filed herein.

An examination of the record before us convinces us that the contention of the appellees, as to this record, is not well founded. The motion to dismiss this appeal is therefore overruled.

The examination of the record discloses the following facts, viz.: (1) That this cause was tried by the court, and that on April 3, 1922, the court made its general finding in favor of appellant and rendered judgment in his favor for the sum of $320.28; (2) that on April 27, 1922, the appellant filed his motion for a new trial, the valid grounds therefor being that the decision of the court was not sustained by sufficient evidence, was contrary to law, and error in the assessment of the amount of the recovery, the same being too small; (3) that on May 8, 1922, said motion for a new trial was overruled, to which ruling the appellant excepted; (4) that on May 16, 1922, the appellant prayed an appeal to this court and was given ninety days in which to file his bill of exceptions; (5) that the bill of exceptions containing the evidence was presented to the judge of said court for his signature on July 18, 1922, and that the same was signed by the judge on July 19, 1922, and thereafter, on the same day, said bill was filed in the office of the clerk of said court; (6) that July 19, 1922,—the day on which said bill was filed—was in vacation, after the

May term, 1922, of the Clay Circuit Court had adjourned.

The only error assigned in this court is the action of the trial court in overruling the motion for a new trial.

The power of a trial court to extend to a day beyond the term the time for filing bills of exceptions is given by statute. Independent of the statute courts

1. have no such power. Our statute giving to courts this power, in civil actions, is §656 Burns 1914, §626 R. S. 1881, and this statute gives to our courts the right to exercise the power so granted only *at the time the motion for a new trial is overruled.* *Home Stove Co.* v. *Bishop* (1918), 67 Ind. App. 276, 119 N. E. 152; *Wilson* v. *Kester* (1915), 59 Ind. App. 471, 109 N. E. 744; and authorities there cited. This same rule, as to granting time in which to file bills of exceptions, has been declared in criminal cases in this state under the provisions of §2163 Burns 1914, Acts 1905 p. 584, §287. See *Bass* v. *State* (1918), 188 Ind. 21, 120 N. E. 657, and authorities there cited. It therefore follows that any attempt of the court to so extend the time within which bills of exceptions may be filed to a day beyond the term, if such leave or extension of time is not given at the time the motion for a new trial is overruled, is without legal force and effect, being without authority of law.

We must therefore hold that the bill of exceptions is not in the record, and as the only questions attempted to be presented by the appellant involve a con-

2. sideration of the evidence, no question is presented upon this record for our consideration.

The judgment is affirmed.