### HINDS v. DOAN ET AL.

[No. 11,560. Filed June 21, 1923.]

1. APPEAL.—*Bill of Exceptions.—Filing.—Extension of Time.*— Where three days after the motion for a new trial was overruled the trial court granted an extension of time beyond the term for filing the bill of exceptions, *held* that the bill was not properly a part of the record, though filed within the time given. p. 227.

2. APPEAL.—*Questions Reviewable.—Evidence not in Record.*— Where the only questions sought to be presented for review on appeal relate to the sufficiency of the evidence, and the evidence is not in the record, the judgment must be affirmed. p. 227.

From Grant Circuit Court; *J. F. Charles*, Judge.

Action by Ovid Doan and another against Abraham L. Coan and another, in which Luther Hinds was admitted as a party defendant. From the judgment rendered, Hinds appeals. *Affirmed.*

*Meade S. Hays,* for appellant.

*S. L. Stricler, Allen G. Messick* and *Walter G. Todd,* for appellees.

ENLOE, P. J.—This was an action by the appellees, Ovid Doan and Antionette Doan, against the appellees, Abraham L. Coan and Madge Coan, wherein they sought to have certain described real estate, alleged to be owned by said Doan and said Abraham L. Coan as tenants in common, and which was alleged to be not divisible, sold. The appellant, upon his application in that behalf, was admitted as a party defendant. He filed an answer to the complaint, and also a cross-complaint, in each of which he alleged that he was the owner of the property in question; that the deed, by virtue of which the other parties were asserting and claiming title, was, in fact, only a mortgage. He asked for an accounting, and that he be allowed to redeem. A reply in denial, and an answer in denial closed the issues which were submitted to the court for trial, and resulted in a finding and judgment adverse to the appellant. His motion for a new trial, wherein he tried in divers ways to question the sufficiency of the evidence, and also upon the ground of alleged newly-discovered evidence, was overruled, as shown by the transcript, on May 12, 1922, and appellant duly excepted.

The record further discloses that *three days later,* (May 15, 1922), the appellant prayed an appeal to this court, and was granted thirty days time in which to file his appeal bond, and *ninety days* within which to file all bills of exceptions.

The record further discloses that the appeal bond was duly filed, in term-time, and duly approved, but it also discloses that the bill of exceptions, containing the evidence, was not filed until August 5, 1922, in vacation of the Grant Circuit Court. The bill of exceptions is not, therefore, in the record, *Tozer* v. *Estate of Hobbs* (1923), 79 Ind. App. 258, 137 N. E. 715, and authorities there cited.

As the only questions which the appellant attempts to present in his brief herein relate to the sufficiency of the evidence, and as the evidence is not in the record, the judgment must be and is affirmed.