CONOVER ET AL. *v.* COOPER ET AL.

[No. 12,058. Filed December 4, 1924. Rehearing denied February 5, 1925. Transfer denied November 25, 1925.]

1. EXCEPTIONS, BILL OF.—*Bill containing evidence filed after close of term not part of record unless time for presenting same to judge was granted on overruling motion for new trial.* —A bill of exceptions containing the evidence that was not presented to the judge for approval until after the expiration of the term at which the motion for a new trial was overruled is not a part of the record unless the record shows that time for presenting same was granted on the overruling of the motion for a new trial. p. 677.

2. APPEAL.—*Error in overruling motion for new trial not presented when bill of exceptions filed after close of term and record does not show grant of time beyond term when motion overruled.*—No question is presented as to the overruling of the motion for a new trial where bill of exceptions containing the evidence was not filed until after the close of the term at which the motion was overruled unless the record shows that time beyond the term was granted on the overruling of said motion. p. 677.

3. JUDGES.—*Appointment of special judge because of trial judge's delay in ruling on a matter made only when judge is in default as to such matter.*—Under the proviso to §394 of the Civil Code as amended in 1923 (Acts 1923 p. 254, §603 Burns 1926), to authorize a change of judge because of delay in deciding a matter, it must clearly appear that the trial judge was in default in regard to such matter. p. 678.

4. JUDGES.—*Appointment of special judge pending trial authorized only when the matter in question has been submitted to trial judge and he has taken same under advisement.*—To au-

thorize a change of judge pending a trial under the proviso to §394 of the Civil Code as amended in 1923 (Acts 1923 p. 254, §603 Burns 1926), the matter in question must have been *submitted* to the trial judge and he must have taken the same under advisement. p. 678.

5. ACTION.—*Party seeking to avail himself of statutory right must clearly bring himself within provisions of statute.*—A party who seeks to avail himself of a statutory right must clearly bring himself within the terms or provisions of the statute. p. 678.

6. JUDGES.—*Application for appointment of special judge because of trial judge's delay in ruling on matter must show submission to judge, filing of motion and noting on docket not sufficient.*—An application for the appointment of a special judge· because of the delay of the trial judge in ruling on a matter, as provided in the proviso to §394 of the Civil Code as amended in 1923 (Acts 1923 p. 254, §603 Burns 1926), must show that the matter was submitted to the judge, it not being sufficient to show that a motion was filed and noted on the docket. p. 679.

From Vigo Superior Court; *William T. Gleason,* Judge.

Action by John L. Conover and others against Alfred Cooper and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.* By the first division.

*Joseph W. Amis* and *Edward L. Swadener,* for appellants.

*Josiah T. Walker,* for appellees.

ENLOE, J.—In this action, the appellants, as plaintiffs, sought a judgment against appellee Alfred Cooper for money alleged to have been loaned to him, and to have a certain deed, executed by said Cooper and his wife, Anna Cooper, to appellee James H. Caldwell set aside as having been executed in fraud of the rights of creditors. There was an answer in denial, also a counterclaim by the appellee Alfred Cooper which was answered by a denial. The issues thus formed were tried by· the court and there was a finding for the appellees as to the issues tendered by said complaint, and a finding

for the appellants as to the issues made upon said counterclaim, and judgment was rendered accordingly. The alleged errors relied upon are: (a) Overruling appellants' application for a special judge; and (b) overruling their motion for a new trial. We shall first notice the error last assigned.

The reasons for a new trial assigned in this case are, that the decision of the court was not sustained by sufficient evidence, and that it was contrary to law. 1, 2. These reasons necessarily, for their validity, in this case, rest upon the evidence. The record in this case discloses the following facts concerning the so-called bill of exceptions containing the evidence herein. Appellants' motion for a new trial was overruled September 5, 1923, and the record does not disclose that at that time the appellants asked for or were given time beyond that term of court within which to present bills of exceptions. The record further discloses that the so-called bill of exceptions was presented to the trial judge for his examination and approval on March 3, 1924, and was, on that date, signed by the trial judge and filed in the office of the clerk of said court, as being a part of the record herein. The motion for a new trial having been overruled at the September term of said court and the said bill of exceptions not having been presented to the trial judge until long after that term of court had closed, it necessarily follows, in this case, that the same was filed without any authority of law in that behalf, and that the same is not therefore a part of the record herein. *Tozer, Admr.,* v. *Hobbs' Estate* (1923), 79 Ind. App. 258, 137 N. E. 715; *Wilson* v. *Kester* (1915), 59 Ind. App. 471. It therefore follows that no question is presented as to any alleged error in overruling said motion for a new trial.

As to the next assigned error, the record discloses that the motion for a new trial was filed on May 19, 1923,

which was at the March term of said court. On
3-5. September 3, 1923, the appellants filed their ap-
plication for the appointment of a special judge,
which said application, omitting formal parts, was, as
set forth in appellants' brief herein, as follows: "The
plaintiffs in the above entitled cause call attention to the
fact that an issue of law was made by the filing of a
motion for a new trial in this cause on May 19, 1923,
since which time more than 90 days have elapsed and
the court has not determined that issue. And the plain-
tiffs make this application for the appointment of a spe-
cial judge as provided for by law, 1923 Acts, 254."
The foregoing application was duly signed by counsel
and presented to the court, which, on September 5, 1923,
overruled the same, and on the same day overruled said
motion for a new trial.

The appellants insist that under the provisions of said
act (Acts 1923, ch. 83, p. 254) they were entitled to
have a special judge appointed to rule upon their said
motion for a new trial and that the action of the trial
court in denying their said application was prejudicial
error. Conceding, for the purpose of this decision only,
that said act is broad enough, and was intended to
include such cases as the instant one, and also assuming
that said legislation is valid, yet, we cannot concur in
the contention of the appellants. Before a matter, such
as the instant one, should be taken out of the hands of
a trial judge, it should clearly appear that he was *in
default* in regards to such matter. The language of the
proviso in §1 of said act (the proviso of which appel-
lants are claiming the benefit) is as follows: "Pro-
vided, that if the judge shall fail to determine any issue
of law or fact which has been *taken under advisement*
within ninety (90) days *after having taken the same
under advisement,* upon written application of any of
the parties to the action or their attorneys of record

* * * the submission of said issue shall thereupon be withdrawn, and the judge before whom said cause is pending shall be disqualified to hear or determine any of the issues in said cause and a special judge shall be appointed to take jurisdiction thereof, * * *." (Our italics.) This language clearly implies that the matter in question shall have been: (a) *Submitted* to the trial judge; and (b) that such judge shall have *taken the same under advisement.* It is fundamental that a party who is seeking to avail himself of some special right, given him by statute, must clearly bring himself within the terms or provisions of such statute, and with this fundamental rule in mind, we shall examine said application.

It nowhere appears therein when, if at all, said motion for a new trial was *submitted* to the court, and if the same had never been *submitted,* it could hardly be said that the court was holding the same *under advisement*; it does not affirmatively appear from said application that the fact that a motion for a new trial had been filed was ever even called to the attention of the trial judge. Under the provision of the statute in question, it will be noted that the said statute does not make it a ground for the appointment of a special judge that a "motion" or "demurrer" shall remain upon the docket of the court undisposed of, for more than ninety days, and to uphold appellants' contention in this case, upon this record, we would be compelled to give said statute such construction. A "motion," or "demurrer," might be filed and noted upon the docket of the court, and yet the judge have no actual knowledge of the fact, and to hold that such a state of affairs would entitle a party to a change of judge, would open the way for imposition upon the court. We are not unmindful of the purpose of the statute in question, and would not, by judicial construc-

tion, so weaken it as to render its provisions of no effect, nevertheless, when a demurrer or a motion raising an issue of law is filed, the matter should be called to the attention of the judge, so that it may at once have his attention, either for argument, or submission for decision. This is but fair to the court and we cannot think that the legislature could have intended otherwise. These things may all have been done in this case, but if so, said application does not reveal it.

No error has been presented, and the judgment is affirmed.