### BALTIMORE AND OHIO SOUTHWESTERN RAILROAD COMPANY v. BEACH.*

[No. 13,130. Filed October 9, 1929. Rehearing denied December 20, 1929. Transfer denied March 20, 1930.]

---

*NOTE—Published out of order because not received sooner by Reporter.

*McMullen & McMullen, John Clerkin, Morrison R. Waite,* and *William A. Eggers,* for appellant.

*Harry C. Meloy* and *Montgomery & Montgomery,* for appellee.

REMY, J.—Action by appellee against appellant to recover damages for personal injuries. In addition to the

necessary formal allegations, it is averred in the complaint, in substance, that appellee was in the employ and service of appellant in interstate commerce, in the capacity of assistant maintainer of signals, which signals were in use by appellant as a part of its equipment for the operation and control of its trains; that John Rowe was appellant's foreman of signal maintenance, and, on January 21, 1925, Rowe and appellee, as appellant's employees and in line of their duties as such, were traveling over appellant's railroad from Cumminsville to East Norwood on a motor car then in charge of and being operated by Rowe, and over which appellee had no control; that it was at the time and place dangerous to operate the motor car at a speed in excess of fifteen miles per hour, and the printed rules of appellant in force at the time forbade the operation of such car at a speed in excess of fifteen miles an hour; that at the time and place Rowe, negligently and in violation of a rule of appellant, operated the car at the rate of thirty miles an hour, carrying appellee thereon, and while so operating the car a dog came upon the track in front of the car, and Rowe, by reason of his said negligence, being unable to stop the car, negligently ran the car against and over the dog, causing the car to be derailed, and appellee to be thrown from and beneath the car and injured, etc.

Appellant's motion to make the complaint more specific and its demurrer to the complaint for want of sufficient facts, each having been overruled, the cause was put at issue by answer in denial, and a trial resulted in a verdict and judgment for appellee.

Errors assigned on appeal are: (1) Overruling motion to make complaint more specific; (2) overruling demurrer to complaint; (3) overruling motion for new trial.

It is unnecessary to set forth in this opinion the mo-

tion to make complaint more specific, which for the most part called for matters of evidence. It is only where the precise nature of the charge is not apparent that, as the Code provides, "the court may require the pleading to be made definite and certain by amendment." *Terre Haute, etc., Co.* v. *McDermott* (1924), 82 Ind. App. 134, 144 N. E. 620. A motion to make a complaint more specific is so far within the discretion of the trial court, that on appeal a reversal will not follow unless the rights of the complaining party have suffered. *Clawson* v. *Black* (1923), 80 Ind. App. 111, 138 N. E. 362. It clearly appears that the nature of the charge is sufficiently pleaded, and that appellant was in no way harmed by refusal of the court to require appellee to make his complaint more specific.

Objection to the complaint is twofold: (1) That appellee assumed the risk incurred by reason of Rowe's operation of the car at the high rate of speed; and (2) that the averments of the complaint show that the appearance of the dog on the track at the time was the sole proximate cause of the injury of which complaint is made. There is no merit in either of these objections.

The facts averred affirmatively show that the risk was not assumed by appellee, for it is expressly averred that appellee had no control of the car on which he was being carried at the time; that the car was in control of, and being operated by, appellee's foreman. It does not appear that appellee at the time knew that the car was being operated at an excessive rate of speed; but if he had become aware of such fact, it would have availed him nothing, for he was without authority to control the speed of the car, and it would have been impossible for him to have alighted from the car at that time. Under the facts averred, appellee could no more have controlled the movements of

the motor car than a brakeman on a railroad train could control the operation of a locomotive and train in charge of the engineer and conductor.

It was not error to overrule the demurrer to the complaint.

Questions sought to be presented by the alleged error of the trial court in overruling the motion for a new trial, and which require a consideration of the evidence, are not presented.

There is no showing in appellant's brief as to when the motion for new trial was overruled, or that any time was given within which to prepare and file a general bill of exceptions. This defect appeared in appellant's original brief, and, appellee in his answer brief having pointed out the defect along with many other imperfections, appellant by leave of this court filed its amended brief, which, as regards the defect which we have pointed out, is the same as the original brief. We have a right to assume that the amended brief is, therefore, a correct statement of the record. The date of the overruling of a motion for a new trial is a material fact, for it is then, and not afterwards, that time must be given within which to prepare the general bill of exceptions; and if time is given beyond the term for filing bill of exceptions that fact must be shown by an order-book entry; and if appellant would present for review by this court questions which require a consideration of the evidence, the time given beyond the term within which to file bill of exceptions must be shown by the record. As was said by this court in *Dix* v. *Willfred Coal Co.* (1921), 76 Ind. App. 511, 512, 132 N. E. 595: "We deem it proper to remark, however, that while an examination of what purports to be the evidence shows that the special findings of the court are supported by some evidence, it does not appear by the brief that any time was ever

granted within which to file a bill of exceptions containing the evidence and proceedings at the trial, or that such bill of exceptions was ever filed. There is therefore no question presented by the court's ruling on the motion for new trial." To the same effect, see, *Peck and Mack Co.* v. *Schafer Hardware Co.* (1921), 76 Ind. App. 426, 132 N. E. 305. See, also, *Tozer* v. *Hobbs* (1922), 79 Ind. App. 258, 137 N. E. 715; *Wilson* v. *Kester* (1915), 59 Ind. App. 471, 109 N. E. 744; *Hopkins* v. *Dreyer* (1923), 81 Ind. App. 433, 142 N. E. 17; *Stremmel* v. *Gaar, Scott & Co.* (1911), 176 Ind. App. 600, 96 N. E. 703.

Although not required to do so, the writer of this opinion has made an exhaustive examination of the evidence as it appears in the record, has read with care the briefs of the parties, and has concluded that if the questions sought to be presented by the motion for new trial were properly before us, this court would be compelled to hold that in the trial of the cause the court had committed no reversible error.

The judgment should be, and is, affirmed.

Nichols, J., dissenting: The facts and circumstances of this case in order to a decision on its merits are fairly stated, as I view them, in 165 N. E. 82, and I do not need to repeat them here. While I do not contend that appellant's brief is a model of perfection, I think it is sufficient to justify a consideration of all the questions which appellant attempts to present on their merits, and so considered, I am of the opinion that the judgment should be reversed. Fewer decisions on technicalities and more on the real merits is a goal certainly to be desired.