INTER-STATE MOTOR FREIGHT SYSTEM *v.* MORGAN.

[No. 16,926. Filed March 24, 1943. Rehearing denied April 30, 1943. Transfer denied May 21, 1943.]

*Fred L. King,* of Indianapolis, and *William G. Bray,* of Martinsville, for appellant.

*Sherwood Blue,* of Indianapolis, and *Homer Elliott,* of Martinsville, for appellee.

CRUMPACKER, J.—On February 23, 1943, this court filed its opinion in the above entitled cause wherein the judgment of the Morgan Circuit Court was reversed with instructions to grant appellant a new trial with leave to file such additional paragraphs of answer as would fully present the issues between the parties upon a retrial of the cause. This mandate was predicated upon a holding that the trial court had abused its discretion in refusing to permit the appellant to file an additional paragraph of answer after the trial had commenced and certain evidence had been rejected because it tended to prove a defense not specially pleaded. A thorough search and consideration of the general bill of exceptions containing the evidence lead us to the conclusion that a substantial injustice had resulted from the court's action in that respect, and that, under the facts and circumstances disclosed by the record, the appellant should not have been denied the right to bring all controverted matters between him and the appellee, growing out of the transactions involved in this litigation, before the court for determination. Upon a rehearing of this appeal that decision is now recalled and this opinion substituted in lieu thereof for reasons that will become apparent as we proceed.

On the 27th day of March, 1935, the appellee, Milford Morgan, was a resident of the town of New Augusta, Indiana, and for some time prior thereto had been engaged in the trucking business in connection with which he owned and operated what is known to the trade as a tractor and semi-trailer. The appellant, Inter-State Motor Freight System, is a Michigan corporation duly authorized to do business in the State of Indiana, and during all of the time concerned with this litigation was engaged in the transportation of freight for hire over various routes and between various ter-

minals in Indiana and neighboring states. On said 27th day of March, 1935, the appellant and appellee entered into an oral contract whereby the appellee agreed to use his motor equipment in the transportation of freight for the appellant over such routes and between such points as directed. The appellee agreed to maintain his said equipment at his own expense and pay the wages, salaries or other remuneration of the operators thereof. He was to be paid for this service such flat tonnage rates as the appellant might post from time to time in its terminal offices or, in lieu thereof, such percentage of gross freight revenue derived from the use of the appellee's equipment as might be agreed upon by the parties. The contract was subject to cancellation by either party upon five days' written notice to the other. It remained in force, however, until the 23rd day of May, 1935, when it was reduced to writing and duly executed by both parties thereto. The appellee claims to have used his equipment, heretofore described, in the operation of the appellant's business, in all respects in accordance with the terms of said contract, until the 6th day of October, 1936, when he terminated the same for an alleged breach thereof by the appellant. He brought this suit to recover money he claims to be due him for services performed under the terms of said contract and for damages resulting from its breach. Issues were joined on appellee's second amended complaint and an answer in general denial. The cause was venued to the Morgan Circuit Court where it was tried to the court and, upon special finding of facts and conclusions of law, judgment was entered for the appellee in the sum of $866.83. Appellant's motion for a new trial was overruled and this appeal perfected.

After the cause was submitted and the trial thereof commenced, the appellant petitioned for leave to file a

special paragraph of answer pleading payment. Leave was denied and this ruling of the court, together with that on the motion for a new trial, are the only errors assigned and not waived.

Appellant's right to file an additional paragraph of answer after the issues were closed and trial commenced rested entirely within the sound discretion of the trial court, and the ruling thereon cannot be reviewed unless there was a clear and unmistakable abuse of such discretion. A determination of that question necessarily requires a review and careful consideration of the entire record including the general bill of exceptions containing the evidence. Error assigned in overruling appellant's motion for a new trial is predicated upon the admissibility of certain evidence, the amount of recovery and the validity of the special finding of facts by the trial court and therefore also depends for its determination upon a consideration of the evidence in the case. The appellee contends these questions are foreclosed to us and that this appeal presents nothing for review. This contention is based upon the proposition that the general bill of exceptions containing the evidence is not in the record, and therefore it must be presumed that all actions of the trial court questioned by this appeal were fully justified and proper.

The facts upon which this question arises are as follows: On the 9th day of September, 1941, the trial court overruled appellant's motion for a new trial, to which ruling the appellant then and there excepted. Nothing further was done as far as the record discloses until November 15, 1941, when the appellant prayed an appeal to this court and was given until December 1, 1941, to present and file a general bill of exceptions containing the evidence and upon said date such a bill was duly presented to the trial court and by it approved,

signed and ordered made a paper in the cause. An order book entry and the clerk's certification of the record indicates that such was done. Upon appellant's petition this court, on December 9, 1941, extended the time for filing the complete transcript of the record and assignment of errors to February 11, 1942, and in the same order directed the judge of the Morgan Circuit Court to extend the time for filing the general bill of exceptions to February 1, 1942. In making the above order it is apparent that this court was not informed that said bill of exceptions had already been filed on December 1, 1941. November 15, 1941, was the last day of the term of court in which appellant's motion for a new trial was overruled and the time for filing the general bill of exceptions containing the evidence granted by the court carried beyond the expiration of said term.

On these facts the appellee contends the trial court's grant of time beyond the term is void and the general bill of exceptions containing the evidence is not in the record.

The statute pertinent to the question reads as follows: "The party objecting to the decision must except at the time the decision is made; but time may be given to reduce the exception to writing, but not beyond the term, unless by special leave of the court. . . . Provided, That if a motion for a new trial shall be filed in a cause in which such decision so excepted to is assigned as a reason for a new trial, such motion shall carry such decision and exception forward to the time of ruling on such motion, and time may be then given by the court within which to reduce such exception to writing." § 2-3105, Burns' 1933, § 455, Baldwin's 1934. Both this and the Supreme Court have held that a grant of time in which to file a bill of excep-

tions beyond the term and not made at the time the motion for a new trial was overruled, but several days afterward, is void even though such grant of time was made in the same term the motion for a new trial was overruled. This rule has been announced so frequently by our courts that it is established law and not subject to exception or controversy. *Citizens St. R. Co.* v. *Marvil* (1903), 161 Ind. 506, 67 N. E. 921; *Stremmel* v. *Gaar, Scott & Co.* (1911), 176 Ind. 600, 96 N. E. 703; *Huntington Brewing Co.* v. *Miles* (1912), 177 Ind. 109, 96 N. E. 145; *Taylor et al.* v. *State* (1921), 191 Ind. 200, 132 N. E. 294; *Wilson et al.* v. *Kester et al.* (1915), 59 Ind. App. 471, 109 N. E. 744; *Shaw* v. *Union Trust Co.* (1923), 79 Ind. App. 277, 137 N. E. 895; *Crouse et al.* v. *Crouse* (1939), 106 Ind. App. 565, 21 N. E. 71.

There is a line of decisions in this State holding that when a bill of exceptions, taken and filed after the decision objected to was made, states that the party excepted to the decision at the time it was made, it will be presumed that time was given to reduce the exceptions to writing, from the fact that the court afterward permitted it to be filed. *Johnson* v. *Bell* (1858), 10 Ind. 363; *Volger et al.* v. *Sidener* (1882), 86 Ind. 545; *Lake Erie and Western Railway Company* v. *Fix* (1882), 88 Ind. 381; *Elliott et al.* v. *Russell* (1884), 92 Ind. 526; *Noblesville Gas and Improvement Company* v. *Teter* (1890), 1 Ind. App. 322, 27 N. E. 635; *Western Indemnity Company* v. *Davidson* (1921), 75 Ind. App. 77, 129 N. E. 860. However, an examination of these authorities reveals that it is only when the bill of exceptions is actually filed within the term in which the decision complained of was made that such rule is applicable, it being presumed under such circumstances that time was granted by the court orally. From this presumption has grown the rule that the record

need show no time given if the bill of exceptions is filed in the same term the motion for a new trial is overruled. The fact that this court included in its order granting additional time for filing the complete record a directive to the lower court to extend the time for filing the general bill of exceptions is of no consequence as it has been held that when the original grant of time is void any extension thereof will not operate to render valid a bill of exceptions filed under such authority. *Stremmel* v. *Gaar, Scott & Co., supra.*

The reason underlying legislative enactment to the effect that a grant of time for filing a bill of exceptions which will carry beyond the term must be made on the same day and at the same time the motion for a new trial is overruled is not our concern. Unapparent as its purpose may be, its meaning is clear and judicial application thereof has been positive and certain. We conclude, therefore, that the general bill of exceptions containing the evidence in the case before us is not in the record and as all errors assigned as grounds for reversal depend on the evidence for their determination no question is presented for review by this appeal.

Judgment affirmed.

NOTE.—Reported in 47 N. E. (2d) 326.