## RAMSEY v. YOUNT ET AL.

[No. 9,646.   Filed October 31, 1918.]

1. HUSBAND AND WIFE.—*Rights of Wife in Estate of Deceased Husband.*—*Statutes.*—Under §§3027, 3029 Burns 1914, §§2489, 2491 R. S. 1881, where the husband dies, his widow takes a fee simple absolute in a third of all lands owned by him during the marriage in the conveyance of which she did not join, and this rule applies where the widow is a second or subsequent childless wife and there are children of a previous marriage. p. 381.

2. HUSBAND AND WIFE.—*Conveyance by Husband and Wife.*— *Validity.*—A husband may convey lands direct to his wife without the intervention of a third party, and such conveyances are valid in the absence of some legal reason for setting aside. p. 381.

3. GIFTS.—*Family Settlements.*—*Validity.*—Family settlements are valid when they are reasonable and the whole transaction has been free from fraud or undue influence. p. 382.

4. DEEDS.—*Acceptance.*—*Effect.*—*Estoppel.*—Where a grantee accepts a deed and takes possession of the real estate, he is bound by the conditions of the deed, since he will not be permitted to accept the beneficial provisions without accepting the burdens, and this rule applies to all estates legal or equitable, including dower. p. 382.

5. STATUTES.—*Construction.*—*Intent.*—In construing a statute according to the intent of the legislature, the court must make such application of the provisions thereof as will best promote its objects and in so doing the court is not always bound by the literal meaning of the words employed. p. 383.

6. HUSBAND AND WIFE.—*Conveyance by Husband and Wife.*— *Validity.*—*Statute.*—*Construction.*—Section 3029 Burns 1914, §2491 R. S. 1881, giving the wife one-third of all the realty owned by the husband during marriage in the conveyance of which she did not join, does not prevent the husband from conveying lands directly to his wife, the purpose of the statute being to protect her against conveyances to other parties which would defeat her rights as a widow. p. 383.

7. HUSBAND AND WIFE.—*Conveyance by Husband and Wife.*— *Acceptance.*—*Interest Acquired.*—Although §3029 Burns 1914, §2491 R. S. 1881, provides that a surviving wife shall be entitled to one-third of all the realty owned by the husband during marriage in the conveyance of which she did not join, where a second and subsequent wife accepts a deed of land made to her by her

husband in which she did not join, whereby the husband deeded to her a life estate with the remainder to children of a former wife, she acquired only a life estate in all the land, and not the fee in one-third and the life estate in two-thirds. p. 384.

From Montgomery Circuit Court; *Jere West,* Judge.

Action by Ice H. Ramsey against Agnes R. Yount and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Albert D. Thomas, Michael E. Foley* and *Kennedy & Kennedy,* for appellant.

*Crane & McCabe,* for appellees.

IBACH, J.—This is an action for partition. Appellant is the widow and was the third childless wife of Alexander F. Ramsey, deceased, who died on March 11, 1907. Decedent left two children by a former marriage, one a daughter, Hepsey B. Yount, and her three children, the appellees in this appeal, and who are the grandchildren mentioned in the deed in controversy. Such deed contains the following:

> "This indenture witnesseth that Alexander F. Ramsey of Montgomery county, Indiana, conveys and warrants to Ice H. Ramsey, his wife * * * for and during her natural life and at her death to descend share and share alike to the children of my daughter Hepsey B. Yount * * * for the sum of one dollar, love and affection, the following real estate: (Describing it.)"

In her complaint appellant claims a fee-simple title to one-third of such lands under the statute, and a life estate in the remaining two-thirds thereof by virtue of the provisions of the deed.

To this complaint appellees filed answer, which contains substantially so much of the complaint as is hereinbefore set out, together with the following additional averments essential to a clear understanding of the questions involved: "Said deed was delivered by him (Alexander F. Ramsey) to the plaintiff on the —— day of October, 1906, and the said deed was by the plaintiff filed for record on the 1st day of February, 1907. Upon the execution of said deed * * * she accepted the same and during the lifetime of Ramsey under and by virtue of said deed, took possession of said real estate by and through her agents and tenants and plaintiff has since leased said real estate and received the full and entire rents, profits and income thereupon. And since the death of said Ramsey, down to the commencement of this action plaintiff has continued to rent same, and she has collected rents therefrom as the same became due in the sum of $14,175, and she has received the same by virtue of said deed. She has made repairs proper and necessary on the premises and has paid the taxes as the same accrued during said years, has insured the buildings, and paid the premiums therefor * * * and has asserted all the rights and privileges of full and absolute ownership of the premises from the day of the execution and delivery of the deed to her during the lifetime of said Ramsey down to the time of the commencement of this action. She has never disaffirmed or disclaimed, or renounced said deed and the rights and interest thereby conveyed to her, but has claimed to own and has held, used and occupied the same by virtue of said deed and under the terms and conditions thereof."

A demurrer to the answer for want of sufficient

facts to constitute a defense was overruled, and, plaintiff refusing to plead further, there was judgment for appellees. This action of the court is assigned as error and relied on for reversal.

It is contended by appellant that the facts revealed by the answer show that her husband had conveyed the lands in question by a deed in which she did not join, therefore, at his death she became absolutely seized of a one-third interest in such lands by virtue of §§3027, 3029 Burns 1914, §§2489, 2491 R. S. 1881. The further claim is also made that by the provisions of the deed she is entitled to a life estate in the remaining two-thirds of the lands described therein.

It will be conceded that under these statutes our courts have repeatedly held that on the death of a husband his widow takes a fee simple absolute

1. in a third of all lands owned by him during the marriage in the conveyance of which she did not join. *Fry* v. *Hare* (1906), 166 Ind. 415, 77 N. E. 803, and cases cited; *Wachstetter* v. *Johnson* (1916), 61 Ind. App. 659, 665, 108 N. E. 624. This is also true if such widow is a second or subsequent childless wife, although he may have children of a previous marriage. *Fry* v. *Hare, supra.*

It must also be conceded that a husband may convey lands direct to his wife without the intervention of some third party, and the same rules will be

2. applied to such conveyances as between parties where such relation does not exist; that is, they will be held valid until some legal reason has been shown for setting them aside.

The Supreme Court of this state, in disposing of a kindred question, has used this language: "Sup-

pose the husband and wife should have joined in a deed and conveyed the land to a' third person and such third person conveyed the land to the wife, the legal title would have passed from the husband and wife and been received back by the wife. If they could convey title in that manner, as they surely could have done, there is no sound reason why, under our laws, they could not by agreement pass the title by deed direct from the husband to the wife, he executing and she accepting the conveyance. Such a deed is valid unless attacked for some cause other than that they were husband and wife at the time of the execution of such conveyance." *Enyeart* v. *Kepler* (1889), 118 Ind. 34, 39, 20 N. E. 539, 10 Am. St. 94.

3. Again, family settlements have been universally upheld in this state, when such settlements have been found 'to be reasonable and the whole transaction has been free from fraud or undue influence.

4. The further rule is also well recognized that, where a grantee accepts a deed and takes possession of the real estate thereby conveyed, he is bound by the conditions of the deed in like manner as if he had signed an agreement incorporating such conditions, for the reason that in equity he will not be permitted to accept alone the beneficial provisions of a will, deed or contract without at the same time accepting the burdens. He must either accept or reject the gift or conveyance as an entirety. These principles of equity apply to all estates legal or equitable, including dower and its substitute one-third in fee. 2 Story, Equity §1077; *Washburn* v. *Van Steenwyk* (1884), 32 Minn. 336, 20 N. W. 324; *Young* v. *Biehl* (1906), 166 Ind. 357, 77 N. E. 406; *Lindsley* v.

*Patterson* (1915), (Mo.) 177 S. W. 826, L. R. A. 1915F 680, 688.

In determining the sufficiency of the facts averred in the answer under consideration, we must also keep in mind the well-known rule that in seeking the

5. intention of the legislature, as evidenced by statute, we should endeavor as far as practicable to make such application of the provisions thereof as will best promote the objects of that enactment, and, as stated in a recent case: "We are not confined to the literal meaning of the words. A thing within the intention is regarded within the statute though not within the letter. A thing within the letter is not within the statute if not within the intention. When the intention can be gathered from the entire document, words may be modified or altered so as to obviate all inconsistency with such intention. When great inconvenience or absurd consequences will result from a particular construction the courts are bound to assume that such consequences are not intended." *People, ex rel.* v. *Crawley* (1916), 274 Ill. 139, 113 N. E. 119.

The evident purpose of the legislature in the enactment of the statutes relied upon by appellant was to

6. protect the widow from conveyances by the husband in which she did not join, and does not deal with conveyances made direct to her. In other words, the purpose of these statutes was not to prevent the husband from conveying lands direct to his wife, but to protect her against all conveyances made to other parties which would defeat her rights as a widow. As the childless third wife of Mr. Ramsey, in case he had died without executing the deed,

7. appellant's interest would have been a life estate in one-third of her husband's lands.

This deed gave her that interest, as well as a life interest in the remaining two-thirds in all the lands described, the fee passing to appellees, and having accepted the deed, knowing its full contents and the effect thereof, appellant must be held by its terms the same as if she had executed a deed with her husband, and the same interest and title had been conveyed to her from her husband through the intervention of a third party. The contention, therefore, cannot be sustained that the legal effect of the deed was to give her one-third of the lands in fee simple, and at the same time give to her a life estate in the remaining two-thirds.

Again applying the principles of equity which have been heretofore mentioned, we are satisfied that appellees' answer is sufficient to meet all the essential averments of the complaint.

"The doctrine of election is founded upon the principle that one cannot accept and reject under the same instrument. He must give effect to the whole intention of the donor, and not merely to provisions which are intended as beneficial to himself, and the donor is presumed to have intended that every part of the instrument of donation should take effect, as well as those portions which deprive the donee of an advantage as those which confer a benefit upon him. In other words, the benefit conferred has annexed to it, in accordance with the donor's presumed intention, the tacit condition that the donee will give full effect to the instrument of donation by relinquishing all rights which are inconsistent therewith. Some authorities, however, declare the doctrine to rest not

upon presumed intention, but upon the equitable principle that he who seeks equity must do equity.'' The above quotation from 11 Am. and Eng. Ency. Law 59, 60 is quite applicable to the question now before us. See, also, *Langley* v. *Mayhew* (1886), 107 Ind. 198, 203, 6 N. E. 317, 8 N. E. 157.

In the light of these authorities, our judgment leads us to conclude that the deed is authorized by law, and that its legal construction limits and confines appellant's rights to the terms and conditions of the grant.

Judgment affirmed.

Note.—Reported in 120 N. E. 618. Effect of conveyance from husband to wife, 69 L. R. A. 353, 21 Cyc 1285, 1288.