## SCHINDLER *v*. KAPPLER.

[No. 11,003. Filed January 13, 1922.]

1. MUNICIPAL CORPORATIONS.—*Violation of Ordinance.—Maintaining Pump on Sidewalk.—Recovery for Damages to Pump.*—The fact that it is a violation of a city ordinance to maintain a pump on a sidewalk will not prevent a recovery for damages to the pump from being struck by an automobile, unless the obstruction of the sidewalk was the proximate cause of the collision and resulting damages. p. 387.

2. NEGLIGENCE. — *Contributory Negligence. — Jury Question.* — Where there is any dispute as to the controlling facts on the question of contributory negligence, or where reasonable men might honestly differ in their conclusions, the question is for the jury. p. 387.

3. MUNICIPAL CORPORATIONS.—*Violation of Ordinance.—Proximate Cause.—Jury Question.*—In an action against the driver of an automobile for striking and damaging a gasoline pump

maintained on a sidewalk in violation of a city ordinance, the question whether the obstruction of the sidewalk was a proximate cause of the collision which caused the damage, *held*, for the jury, and the withdrawal of that question from its consideration was reversible error.    p. 387.

From Vanderburgh Probate Court; *Elmer Q. Lockyear*, Judge.

Action by Elmer Kappler against Gust Schindler. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Edgar Durre*, for appellant.

*Louis O. Rasch*, for appellee.

REMY, J.—Action by appellee against appellant for damages. It is charged in the complaint that appellant so negligently operated his automobile that it collided with, and damaged, a stationary gasoline pump, the property of appellee.

The uncontradicted evidence shows that the pump which was, at the time, being operated by appellee in connection with a garage, was located, and was being maintained by appellee, in front of the garage, and on the sidewalk near to the curb; that the location and maintenance of the pump on the sidewalk near the curb was in violation of a city ordinance prohibiting the same; that there was a driveway leading across the sidewalk to the garage, and that while appellant with his machine was attempting to pass over the driveway, and into the garage, his automobile collided with, and damaged the pump. Appellant when testifying as a witness admitted his inexperience in the driving of automobiles, and the evidence tends to show negligence on his part in the operation of the machine at the time of the collision. There is, however, no evidence that when appellant attempted to drive into the garage, he saw the pump and knew that it was located on the sidewalk in close proximity to the curb.

It is contended by appellant that the obstruction of the sidewalk in violation of the ordinance was a proximate contributing cause, and that the court erred in giving to the jury on its own motion instruction No. 4, by which the members of the jury were told that they need not consider the ordinance which had been introduced in evidence; and that the only question for their determination was the amount of damages to be awarded.

The mere fact that the pump had been placed upon the sidewalk and there maintained by appellee in violation of the ordinance would not prevent a recovery for the damages for which complaint is made. *Indianapolis, etc., Traction Co.* v. *Senour* (1919), 71 Ind. App. 11, 122 N. E. 772. If, however, the obstruction of the sidewalk by appellee in violation of the ordinance was a proximate cause of the collision and resulting damages, then there could be no recovery by appellee.

It is a well established rule that where there is any dispute as to the controlling facts on the question of contributory negligence, or where reasonable men might honestly differ in their conclusions, the question is for the jury. *Indiana Union Traction Co.* v. *Love* (1912), 180 Ind. 442, 99 N. E. 1005; *Fauvre Coal Co.* v. *Kushner* (1919), 188 Ind. 314, 123 N. E. 409; *Chicago, etc., R. Co.* v. *Martin* (1902), 31 Ind. App. 308, 65 N. E. 591; *Lake Erie, etc., R. Co.* v. *McFarren* (1919), 188 Ind. 113, 122 N. E. 330.

Under the facts as shown by the evidence in this case, we cannot say that reasonable men would not differ in their conclusions. The question of contributory negligence should not have been withdrawn from the jury. The giving of instruction No. 4 was error.

The court, by proper instructions, should have sub-

mitted to the jury the question as to whether or not, the obstruction of the sidewalk, by appellee in violation of the ordinance, was a proximate cause of the collision which resulted in the damages sustained by appellee.

The cause is reversed with instructions to grant a new trial.