## Ralston et al. v. Hatfield, Trustee.

[No. 11,813.   Filed May 13, 1924.   Rehearing denied July 2, 1924.]

1. BANKRUPTCY.—*Trustee's Authority.—Quiet Title to Bankrupt's Real Estate.*—A trustee in bankruptcy takes the bankrupt's title to his real estate, and, where there are conflicting or adverse claims thereto, may maintain an action to quiet title.   p. 646.

2. DEEDS.—*Condition Subsequent.—Existence of.—How Determined.—Intent of Parties.*—In determining whether a deed grants an estate upon a condition subsequent, the courts will seek to enforce the intention of the parties, as the same may be gathered from the terms thereof and the existing facts.   p. 647.

3. DEEDS.—*Conditions Subsequent.—Not Favored.—When Construed as Covenants.—When Will be Enforced.*—Although conditions subsequent are not favored, and, in doubtful cases, will be construed as covenants rather than conditions, where the intention to create such an estate is clear, and the conditions are not opposed to public policy, courts will give effect to and enforce them.   p. 647.

4. DEEDS.—*Condition Subsequent.—Breach of.—Effect of.—Defeats Grantee's Title.*—A deed, conveying land in a city to an "Opera House Association", which stated that the convey-

ance was made on the condition that the grantee should erect thereon a building to cost not less than ten thousand dollars, to be forever known as "the Matthewson Opera House", and was continuously to be so used, and kept in condition for such use, but providing that if, "at any time", the grantee failed to carry out the conditions, the grantor or his heirs, after giving a specified notice to comply with the conditions, might retake same, *held* to create an estate on condition subsequent, and where the grantee allowed the opera house to become unfit for use, so that it had been condemned by the public authorities as unsafe, there was a breach of condition which would divest the grantee of its title.  p. 648.

5.  DEEDS.—*Condition Subsequent.—Breach of Condition.—Acquiescence in.—Not Waiver of Forfeiture.*—A grantor's silent acquiescence in an act which constitutes a breach of a condition subsequent does not amount to a waiver of the right of forfeiture because of such breach.  p. 648.

6.  DEEDS.—*Condition Subsequent.—Re-entry, When Necessary.—Quiet Title.*—A grantor seeking to quiet title against his grantee because of a breach of a condition subsequent must show a re-entry or its equivalent, but where the grantee has failed to comply with the conditions in his deed, the grantor or his heirs may defend an action by the grantee to quiet his title without a re-entry.  p. 651.

7.  DEEDS.—*Construction.—When Strictly Construed.—As to Grantor and Grantee.*—A deed is strictly construed in favor of the grantee and against the grantor claiming the right of forfeiture.  p. 652.

8.  DEEDS.—*Conditions Subsequent.—Substantial Compliance Sufficient.*—Ordinarily, a substantial compliance with the conditions in a deed is all that is required, but when the conditions named in the deed form the only consideration for the conveyance, the grantee must strictly comply with the conditions which constitute the consideration, and, where there is a reverter clause, his failure to comply therewith will forfeit the estate.  p. 652.

9.  DEEDS.—*Condition Subsequent.—Breach of.—Effect of.—Does Not Terminate Estate.*—A grantee's non-compliance with a condition subsequent does not terminate his estate, but a re-entry, or some act equivalent thereto, is necessary to revest the estate in the grantor.  p. 653.

10.  DEEDS.—*Condition Subsequent.—Possibility of Reverter Cannot be Alienated.*—The possibility of a reverter because of the breach of a condition subsequent cannot be alienated, and a purchaser of the real estate from the heirs of the grantor cannot enforce a forfeiture for a breach of conditions.  p. 653.

Ralston v. Hatfield, Trustee—81 Ind. App. 641.

From Vanderburgh Superior Court; *Edgar Durre,* Judge.

Action by William S. Hatfield, as trustee in bankruptcy of the Matthewson Opera House Association, against Charles N. Ralston, one Taylor, and another. From a judgment for plaintiff, the defendants appeal. As to defendant Taylor, the judgment was affirmed. As to the others, it was reversed.

*Woodfin D. Robinson, William E. Stilwell* and *Roscoe Kiper,* for appellants.

*U. W. Youngblood,* for appellee.

McMahan, J.—Complaint by appellee as trustee in bankruptcy of the Matthewson Opera House Association, hereinafter referred to as the association, or bankrupt to quiet title to certain real estate. Appellants filed separate demurrers to the complaint, which being overruled, appellants Ralston and Ralston filed answer in two paragraphs, the first being a general denial. The second paragraph alleged that Charles C. Matthewson, being the owner of the real estate in question, conveyed the same by warranty deed in 1901 to said association. Said deed is set out in the answer, and contains the recital that: "The consideration of this deed is that said grantor desiring to express his good feeling for the town which has always been his home and cause to be erected therein a building which shall bear his family name and be an ornament to fill a long felt want on the part of the citizens of said town, to benefit it and to encourage and strengthen public spirit and enterprise, does make this conveyance upon the following conditions, viz.: That said grantee shall erect on said lot a building which with its furnishings and expenses incident will cost not less than ten thousand dollars to be forever known as the 'Matthewson Opera House' the second floor thereof to be used as an opera

house.    That space shall be allotted in said building for a public library for said town to be managed by the grantee.    That any remaining space shall be rented by the grantee's Board of Directors for such purposes as they deem to be to their best interests, provided that no intoxicating liquors shall ever be sold in said building or upon said lot and subject to the provisions of a contract this day made by said Board of Directors with Charles C. Matthewson.    That the said Board of Directors and their successors in office shall maintain the second story of said building for opera house purposes and maintain rooms for a library equal in size to the ones first set aside for that purpose.    That said building and the contents in library and reading rooms on the first floor and opera house room on the second floor shall be kept fully insured and, in event of whole or partial destruction by fire or storm, then the said grantee, or its Board of Directors, shall add to the insurance money, if necessary, a sum sufficient to make a fund of ten thousand dollars, which money shall be used to construct an opera house equally as good and of equal or greater length and to cover the same or more ground.    In the event the Board of Directors of the grantee at any time fail to faithfully carry out the foregoing conditions, this grantor, if said failure occurs during his lifetime, or if after his death, his heirs, shall give six months' notice in writing to said grantee through its Board of Directors setting out in said notice, definitely, in what respect grantee has failed to comply with the conditions herein expressed, and if such grantee has failed to comply with any of the above conditions and does not within six months' time comply therewith, said lot, together with the improvements thereon shall revert to and become the property of the grantor, if living, or of his heirs if dead."

It is also alleged that the association accepted said

deed and erected upon the real estate in controversy a building known as the "Matthewson Opera House," but that it had failed and neglected to carry out the terms and conditions of said deed, in that it wholly failed to maintain the second story of said building for opera house purposes but had permitted the same to be and become so unfit and unsafe for that purpose, that the same had been condemned by the public authorities because of such unsafe condition and that it had also failed to maintain and set aside any space in said building for library purposes; that said Matthewson died intestate in 1906, leaving appellants, Charles and Andrew Ralston as his only heirs, who in April, 1919, gave said association notice in writing as provided for in said deed, calling its attention to the fact that it had failed to comply with the provisions of said deed, said notice stating specifically wherein the said association had failed to comply with the provisions of said deed, and notifying it that if it thereafter failed for a period of six months to comply with the provisions and conditions named in the deed, that said Ralston and Ralston, as the only heirs of Charles C. Matthewson, would become the reversioners of said estate and that said real estate and buildings thereon would revert to and become the property of said Ralstons. It also alleged that said association, for more than six months after the giving of said notice, failed and neglected to comply with the conditions of said deed and that the real estate in controversy had reverted to said Ralston and Ralston, who, it is alleged, were the owners in fee of the real estate in question because of the failure of the said association to comply with the conditions of said deed.

Appellant Taylor also filed an answer in two paragraphs, the first being a general denial. The second paragraph was, in substance, the same as the second paragraph of answer filed by Ralston and Ralston, ex-

cept that it contained an allegation to the effect that he held an option from the Ralstons for the purchase of said real estate.

Demurrers being sustained to the second paragraph of each of said answers, the answers of general denial having been withdrawn, appellants excepted, and, refusing to plead further, judgment was rendered against them quieting appellee's title in fee simple to said real estate and forever cutting off and barring any and all claims of appellants in and to said real estate.

The errors assigned relate to the action of the court in overruling the demurrers to the complaint and in sustaining the demurrers to the second paragraphs of the several answers.

Appellants' first contention is that a trustee in bankruptcy takes the same title to the real estate of the bankrupt as was held by the bankrupt and that such trustee has no authority to maintain a suit to quiet title to the real estate so held by him.

The facts as alleged in the complaint disclose that said association was, on petition of appellant Taylor, adjuged a bankrupt, that appellee, after qualifying as trustee, was given leave to file and maintain an action to quiet title to the real estate in controversy, and that the petition of appellant Taylor, filed in the bankrupt court, asking that the trustee be ordered to sell the real estate at once, was dismissed.

It is the law that a trustee in bankruptcy takes the same title to the real estate of the bankrupt as was held by the latter at the time of the adjudication of bankruptcy. It is the duty of the trustee to reduce the bankrupt estate to money in order to pay the claims of the estate, and where there are conflicting or adverse claims to the real estate formerly held by the bankrupt, the trustee may, especially when leave has been given by court, maintain an action to

quiet title to such estate. *Murray* v. *Beal* (1899), 97 Fed. 567. There was no error in overruling the demurrers to the complaint.

Appellants insist that the conveyance of the real estate to the association was made in consideration of the erection of the opera house thereon as provided in the deed; that the provisions requiring the grantee to erect and maintain the building for the purposes named in the deed were conditions subsequent and that the association of which appellee is trustee having failed for a period of more than six months after notice to comply with the conditions named in the deed, appellee is not entitled to a decree quieting his title to the property and thus cut off the right of appellants Ralston and Ralston to re-enter upon said real estate under the reverter clause of the deed.

In this connection, appellee insists that the provisions of the deed are such as to create a doubt as to whether the parties intended them to be conditions subsequent, having the effect, in case of a breach, to defeat an estate already vested; that such conditions are not favored and, in doubtful cases, the court should construe them as covenants rather than conditions. *Sheets* v. *Vandalia R. Co.* (1920), 74 Ind. App. 597; *Brady* v. *Gregory* (1912), 49 Ind. App. 355, and *Sumner* v. *Darnell* (1891), 128 Ind. 38, 13 L. R. A. 173, are cited by the appellee in support of this contention. In determining the question whether the estate granted is one upon condition subsequent, the court will seek to enforce the intention of the parties, as the same may be gathered from the instrument and the existing facts. *Cleveland, etc., R. Co.* v. *Coburn* (1883), 91 Ind. 557. But where the intention to create such an estate is clear and the conditions are not opposed to public policy, courts will give effect to and enforce them. *Latham* v. *Illinois Cent. R. Co.* (1921), 253 Ill. 93, 97 N. E. 254.

In the instant case, the grantor made a voluntary conveyance of the real estate for no consideration other than the conditions named in the deed, which required the grantee to erect the building thereon and to maintain it for the purposes therein named, conditioned also that no intoxicating liquors should ever be sold in such building or on the real estate so conveyed, with the provision that if the grantee "at any time fails to faithfully carry out the foregoing conditions" title should revert to the grantor, if living, or in case of his death, to his heirs, if the grantee did not, within six months after notice from the grantor or his heirs of such failure, comply with such conditions.    This is not a case where the conveyance was upon condition that the property was to be used in a certain manner, and no time was stated as to the length of time such use was to continue and where there was no reverter clause in the deed.    For cases where no time was fixed or where there was no reverter clause in the deed, see *Hunt·* v. *Beeson* (1862), 18 Ind. 380; *Sumner* v. *Darnell, supra; Brady* v. *Gregory, supra; Sheets* v. *Vandalia R. Co., supra.*

In the instant case, it was not the intention of the parties that the erection of the building on the real estate and its maintenance during the lifetime of the grantor, however long that might be, were to be deemed a compliance with the conditions. Not only was the building to be erected and maintained for the purpose named, but it was to be "forever known as the 'Matthewson Opera House' the second floor thereof to be used as an opera house."    If such building was ever wholly or partially destroyed by fire or storm, it was to be rebuilt, and it was provided that no intoxicating liquors should ever be sold in such building or on the real estate so conveyed.    The deed specifically provided that if, at *any time* after the death of the

grantor, as well as during his lifetime, the grantee failed to faithfully carry out the conditions contained in the deed, the title should revert to the grantor, if living, or to his heirs, if he be dead. The words "at any time" mean at any time in the future. The grantee was under no obligation to accept such conveyance, but having once accepted the same, it was then under obligation to perform the conditions which formed the sole and only consideration for the conveyance, or to forfeit its title. The facts that the grantee permitted the second story to become out of repair, unfit and unsafe for use as an opera house, so that it was condemned by the public authorities, and that, because of such fact, it has not been used, or is not fit to be used, as an opera house, clearly show that the association has not faithfully carried out the conditions named in the deed. Under such facts, we hold appellee is in no position to have his title to the real estate quieted as to the rights of the heirs of the grantor Matthewson, and that, as to them, the cause must be reversed. Appellee makes no claim that there has been a waiver on the part of the grantor or his heirs of their right to enforce the conditions named in the deed. A mere silent acquiescence in an act which has constituted a breach of a condition does not amount to a waiver of a right of forfeiture. Nor will mere indulgence be construed into a waiver of a breach of a condition. *Island Coal Co.* v. *Combs* (1899), 152 Ind. 379; *Carbon Block Coal Co.* v. *Murphy* (1885), 101 Ind. 115; *Van Horn* v. *Mercer* (1902), 29 Ind. App. 277.

"Where the deed contains a stipulation that upon the failure to perform a certain provision or provisions therein contained, the deed shall become void or the estate forfeited, or if other language is used clearly indicating that the estate granted shall revest in the grantor upon a breach of certain provisions of the deed,

such language indicates an intention to create a condition subsequent, the breach of which gives to the grantor a right to terminate the estate by re-entry after a breach of condition. An estate on condition cannot be created by deed except when the terms of the grant will admit of no other reasonable interpretation." *Board of Councilman* v. *Capital Hotel Co.* (1920), 188 Ky. 754, 224 S. W. 197.

In *Jeffersonville, etc., R. Co.* v. *Barbour* (1883), 89 Ind. 375, cited by appellee, certain real estate was conveyed to the State for the use and purpose of depot grounds for a certain railroad. The deed in that case provided that: "In case the State of Indiana shall fail to erect buildings and occupy said ground for the use and purpose above mentioned, then and in that case, the above specified ground shall revert back to the donors." The railroad for whose use said deed was made took possession of the real estate and erected a depot thereon and maintained and used such building for depot purposes for more than thirty years when it erected a depot on different grounds and ceased to use the land mentioned in the deed for that purpose. It is to be observed that the railroad in that case did erect and occupy the building for the purpose mentioned in the deed. That was a substantial compliance with the condition of the deed. In passing upon this question, the court, on page 378, said: "Had the grantors intended that the lot should be occupied by the railroad for all time to come for depot purposes, words suitable to express such intention would have been employed. General rules of interpretation require a deed to be construed most strongly against the grantor. Since no time was fixed for the occupancy of the lot to continue for depot purposes, we think that the parties must have intended it should be for a reasonable time. * * * In determining whether a condition subsequent in a

deed has been broken or not, construction is required in nearly every case. But little assistance can be had from examining other cases, except to ascertain rules for interpretation. Each case differs so widely from all others that even rules of construction can not be wholly depended upon. The application of good sense and sound equity are as much to be relied upon as subtle and artificial rules of construction. The point, of course, to be arrived at in every case, is to ascertain the intention of the parties."

In the instant case, the grantee was to do more than erect the building. The building was to be "forever known as the Matthewson Opera House", and

6. it was the evident intention of the parties that the second floor was to be forever used and maintained as an opera house, and if destroyed by fire or storm, to be rebuilt with the provision that on failure to do so, the land should, if such failure continued after six months' notice, revert. This is not a case where the grantor or his heirs are seeking to quiet their title to the real estate because of the failure of the grantee to comply with the conditions subsequent. If appellants were asking affirmative relief, it would be necessary for them to show a re-entry or its equivalent. *Preston* v. *Bosworth* (1899), 153 Ind. 458, 74 Am. St. 313. But, where the grantee has failed to comply with the conditions in his deed, the grantor or his heirs may defend an action by the grantee to quiet his title, without a re-entry.

In *Ellis* v. *Elkhart Car Works Co.* (1884), 97 Ind. 247, the deed provided that if the grantee should at any time within three years fail to use the real estate for a certain purpose, for a term of six consecutive months at a time, the same should revert. The complaint by the grantor alleged a breach and that the defendant on demand refused to deliver possession. It

was there held that demand for performance was not necessary, since the grantor had no right to complain until there had been a failure to perform for the full six months specified, and when that period had elapsed, the right to insist upon a forfeiture became perfect by the terms of the deed and that nothing more was needed to complete the right to enter for a breach. The deed in the instant case, however, provided that if the grantee, "at any time" failed to faithfully carry out the conditions, the grantor, or, in case of his prior death, his heirs, should give six months' notice in writing to the grantee setting out in the notice definitely in what respect the grantee had failed to comply with the conditions expressed in the deed· and if the grantee failed for six months thereafter to comply with such conditions, the real estate conveyed, with the improvements thereon, should revert to and become the property of the grantor, if living, and, if dead, of his heirs.

In construing the provisions of a deed, a liberal construction will be adopted in favor of the grantee and a strict one as against a grantor claiming a right 7, 8. to forfeit the estate. A substantial compliance with the conditions of the deed is all that is required. But, in construing this deed, we must not lose sight of the fact that the conditions named in the deed formed the only consideration for the conveyance; that the building was to be "forever" known as "the Matthewson Opera House", thus bearing the family name of the grantor; that the second story was to be set off and used as an opera house; that in event the building was destroyed, in whole or in part, it was to be rebuilt and that no intoxicating liquors were *ever* to be sold in the building or on the lot, and that, by the express language of the deed, these provisions are designated as the "conditions" which constituted the consideration for the conveyance.

MAY TERM, 1924.    653

McFerran, Admx., *v.* Merchants Heat, etc., Co.—81 Ind. App. 653.

Non-compliance with a condition subsequent does not, of itself, determine the estate.    After breach, an entry, or some act equivalent thereto, is necessary to re-9, 10. vest the estate in the grantor.    The possibility of reverter is not capable of alienation.    This being true, the fact that appellant Taylor held an option to purchase the real estate from the heirs of the grantor gave him no right or claim.    There was no error in sustaining the demurrer to his answer.

The judgment is affirmed as to appellant Taylor, and reversed as to the appellants Ralston and Ralston, with directions to overrule the demurrer to the second paragraph of their answer.