HATFIELD, TRUSTEE, *v.* RALSTON ET AL.

[No. 12,589.　Filed February 18, 1927.]

1. EXCEPTIONS, BILL OF.—*Bill of exceptions not in the record where no time was granted for tendering the same for approval when motion for new trial was overruled.*—Under the provisions of §685 Burns 1926, time for tendering a bill of exceptions for approval after the term can only be granted when the motion for a new trial is overruled, and a bill containing the evidence will not be considered on appeal when leave was granted some time later on the overruling of a motion to modify the judgment. p. 623.

2. APPEAL.—*No question relating to the evidence presented when evidence not in the record.*—A motion for a new trial based wholly on rulings pertaining to the evidence presents no question on appeal when the bill of exceptions containing the evidence is not in the record. p. 623.

3. TRIAL.—Motion to modify the court's finding to make it conform to the evidence not authorized. p. 623.

4. JUDGMENT.—A motion to modify the judgment to make it conform to the finding and the evidence not authorized. p. 623.

5. NEW TRIAL.—*Motion to modify cannot perform function of motion for new trial.*—A motion to modify the finding to make it conform to the evidence or a motion to modify the judgment so as to make it conform to the finding cannot perform the function of a motion for a new trial. p. 623.

From Vanderburgh Superior Court; *Edgar Durre*, Judge.

Action by William S. Hatfield, trustee, etc., against Charles N. Ralston and another. From a judgment for defendants, the plaintiff appeals. *Affirmed*. By the court in banc.

*Union W. Youngblood* and *L. A. Folsom,* for appellant.

*W. D. Robinson, W. E. Stilwell* and *Roscoe Kiper,* for appellees.

NICHOLS, J.—Action by appellant to quiet his title to certain real estate located in the city of Boonville, Indiana, resulting in a judgment for appellee.

This is the second appeal of this case. See *Ralston* v. *Hatfield, Trustee* (1924), 81 Ind. App. 641, 143 N. E. 887.

Appellees, contend that the bill of exceptions containing the evidence is not in the record and cannot be considered because no time was allowed by the court for filing the same at the time of the ruling on the motion for a new trial.

On April 29, 1925, the court made its general finding for appellees, but no judgment was rendered at that time. Thereafter, on May 20, 1925, and before any judgment was rendered on the finding, appellant filed his motion for a new trial. Thereafter, on June 11, 1925, the court overruled said motion for a new trial, to which ruling, the appellant excepted, but appellant was not at that time granted time within which to file his bill of exceptions containing the evidence. Thereafter, on July 23, 1925, being at the June term of court, the court rendered judgment on the finding in said cause and, at the time of the rendition of said judgment, appellant filed his motion to modify the finding and judgment, which motion to modify was, by the court, at that time, overruled, and appellant excepted to such ruling, and appellant was then given ninety days to prepare and file all bills of exceptions. The bill containing the evidence was filed October 14, 1925, being at the September term of court.

Under this state of the record, appellant's contention

that his bill of exceptions containing the evidence is in the record cannot prevail. Section 685 Burns 1926, §656 Burns 1914, after certain provisions not here involved, provides: "That if a motion for a new trial shall be filed in a cause in which such decision so excepted to is assigned as a reason for a new trial, such motion shall carry such decision and exception forward to the time of ruling on such motion, and time may be then given by the court within which to reduce such exception to writing."

1.

It has been repeatedly decided by this court and the Supreme Court that leave to file a bill of exceptions granted at a time after the motion for a new trial was overruled was without authority of law, for the reason that the statute expressly provides for the granting of such leave at the time of the ruling on such motion. *Theobald* v. *Clapp* (1909), 43 Ind. App. 191, 38 N. E. 100; *Brown* v. *American Steel, etc., Co.* (1909), 43 Ind. App. 560, 564, 88 N. E. 80; *Huntington Brewing Co.* v. *Miles* (1911), 177 Ind. 109, 111, 96 N. E. 145; *Stremmel* v. *Gaar, Scott & Co.* (1911), 176 Ind. 600, 96 N. E. 703.

Appellant contends that as leave for time within which to file his bill was granted at the time of the rendition of the judgment and the ruling on his motion to modify, which was after his motion for a new trial was overruled, it is therefore in the record, but he cites no authority to sustain the contention, and we know of none.

As the reasons for a new trial pertain only to the evidence, nothing is presented thereby in the absence of the bill of exceptions. Even if the evidence were in the record, a motion to modify the finding to make it conform to the evidence, and to modify the judgment to make it conform to the finding and the evidence is improper. A motion to modify cannot per-

2-5.

form the office of motion for a new trial.   *Gardner* v. *Newbert* (1920), 74 Ind. App. 183, 192, 128 N. E. 704.

No reversible error is presented.   Judgment affirmed. Dausman, J., absent.