BECKSTEIN *v.* SAYLER, ADMINISTRATOR.

[No. 14,200.   Filed January 27, 1932.]

Fred H. Bowers, Milo N. Feightner and Lee M. Bowers, for appellant.

Lawrence E. Carlson and Herbert B. Spencer, for appellee.

CURTIS, J.—This was an action commenced in the Huntington Circuit Court by Arthur D. Sayler, as administrator of the estate of Calvin Garwood, deceased, to recover damages for the death of said decedent, alleged to be the result of a collision between appellant's automobile and a bicycle on which the decedent was riding on Briant Street in the city of Huntington, Indiana, on the night of June 24, 1929. The complaint was in one paragraph, to which the appellant filed a general denial. Upon the issues thus formed, there was a trial before a jury, who returned a verdict in favor of the appellee against the appellant in the sum of $5,000. There was a motion for a new trial filed and

overruled and an exception taken. The court entered judgment upon the verdict and in accordance therewith.

The only error assigned is the alleged error of the court in overruling the appellant's motion for a new trial. The motion for a new trial contains 14 causes or grounds, but the appellant has not discussed under his propositions, points and authorities any of these alleged causes for a new trial except the first two, and, therefore, all other causes are waived. In fact, in the oral argument of the case the appellant conceded that no other causes need be considered except the first two, which are as follows: (1) "The verdict of the jury is contrary to law. (2) The verdict of the jury is not sustained by sufficient evidence." We will, therefore, consider only these two alleged errors.

It becomes our duty, under the two alleged errors presented, to examine the evidence in the case to determine whether or not the verdict is sustained by sufficient evidence or whether or not it is contrary to law. But, in doing this, it is to be borne in mind that this court will not weigh conflicting evidence and substitute its judgment therein for the verdict of the jury, if, under the issues, there is competent evidence or legitimate inferences that may be drawn therefrom to sustain the verdict. This statement is so axiomatic as not to require the citation of authority in support thereof. The complaint, among other things, alleged that the appellee's decedent was riding a bicycle north on Briant Street in the city of Huntington, Indiana, at about 8:30 p. m. on June 23, 1929, in a careful manner on the right side of the street; that the appellant, while operating his automobile in the same direction, carelessly and negligently operated the same at a high and dangerous rate of speed, to wit, 40 miles per hour; that, by reason of the appellant's negligence, said automobile struck the decedent's bicycle in the

rear with such force and violence as to crush decedent's bicycle, violently throwing the decedent to the cement pavement and running the front wheel over his body and dragging him 40 feet, causing the injury from which he died the next day. The complaint was answered by a general denial.

The appellant contends that the decedent was guilty of contributory negligence which was the proximate cause of the injury, in that, as the appellant asserts, he did not have his bicycle equipped with a red reflector as required by law. It is true that the law requires a bicycle such as the decedent was riding to be equipped with a red reflector having a surface of at least 16 square inches, and that it would be negligence *per se* not to have had his bicycle so equipped. See §3049.6 Burns Supp. 1929, Acts 1927, ch. 110, p. 289. But, before such negligence will defeat a recovery, it must be shown to be the proximate cause of the injury complained of or that it proximately contributed thereto. *Schindler* v. *Kappler* (1922), 77 Ind. App. 385, 133 N. E. 519; *Prest-O-Lite Co.* v. *Skeel* (1914), 182 Ind. 593, 106 N. E. 365. Where there is a conflict in the evidence as to the controlling facts on the question of contributory negligence, or where reasonable men might honestly differ in their conclusions, the question is for the jury. *Schindler* v. *Kappler, supra; Indiana Union Traction Co.* v. *Love* (1912), 180 Ind. 442, 99 N. E. 1005; *Lake Erie, etc., R. Co.* v. *McFarren* (1919), 188 Ind. 113, 122 N. E. 330. The defendant himself testified that his dimmers which he had on at the time of the accident enabled him to see only approximately 15 to 20 feet in front of his car, and that he saw the decedent and his bicycle first at a distance of 8 to 10 feet in front of him and that it was then too late to turn aside to miss the decedent. Even if there had been a

reflector of the size required by law on the rear of the bicycle, the reflector would not have shown until the lights of the automobile were cast upon it. There is evidence before the jury that it would have taken much more than the space between the automobile and the bicycle in which to stop the automobile of appellant if it was traveling at the rate of 40 miles per hour. The appellant's wife testified that the collision happened "in the twinkling of an eye" after she saw the bicycle. The jury heard the evidence, which is not now challenged, that there were skid marks on the pavement 16 steps long at the place of the accident—a distance of approximately 45 to 50 feet. One witness, a brake expert, testified that a Studebaker car, such as the appellant was driving, equipped like his car with two rear brakes, would have to be going approximately 45 miles per hour to slide the wheels a distance of 45 feet on dry asphalt pavement. There was evidence before the jury that the bicycle on which the decedent was riding had a reflector on it the day before the accident. The evidence in respect to the reflector is conflicting. Likewise, the evidence as to the speed of the appellant's automobile and as to the other alleged negligence of the appellant in operating same is conflicting.

It is true, as contended for by the appellant, that the appellee must recover upon the allegations of his complaint or not recover at all, and that he must prove, by a preponderance of the evidence, every material allegation therein contained. But it is not the duty of this court to weigh conflicting evidence, nor to determine upon which side lies the preponderance. As we view the record, we are of the opinion that there was at least some evidence upon every material issue to sustain the verdict of the jury, and that the verdict is not contrary to law. We find no reversible error.

Judgment affirmed.