CITY OF MUNCIE *v.* BENNETT ET AL.

[No. 14,869. Filed January 26, 1933.]

*C. A. Taughinbaugh,* for appellant.
*McClellan & Hensel,* for appellees.

BRIDWELL, J.—Appellees brought this action against appellant to recover the sum of $4,250 and interest, alleging that this amount was due to them on the purchase price of certain real estate claimed to have been sold and conveyed by appellees to the appellant. After the closing of the issues, the cause was submitted to a jury for trial, resulting in a verdict in favor of appellees for the sum of $4,719.63.

Appellant filed its motion for a new trial, which was overruled by the court with an exception by appellant. Judgment was rendered on the verdict and this appeal perfected, the errors assigned being as follows: (1) The court erred in overruling appellant's motion to make complaint more definite and certain. (2) The court erred in overruling appellant's motion for a new trial and each ground thereof. (3) The court erred in giving of its own motion instructions numbered one to twenty, both inclusive.

The third error assigned is not a proper independent assignment of error, and where error occurs in connection with the instructions to the jury, such error, in order to be available on appeal, must be presented through the medium of a motion for a new

trial. *Cheek* v. *State* (1908), 171 Ind. 98, 85 N. E. 779; and cases there cited.

The first error assigned has not been supported in any manner, or urged in appellant's brief. It is not mentioned in that part of the brief devoted to "Points and Authorities," and must therefore be regarded as waived. *Talbot* v. *Meyer* (1915), 183 Ind. 585, 109 N. E. 841; *May* v. *Dobbins* (1906), 166 Ind. 331, 77 N. E. 353; *Beckstein* v. *Sayler, Admr.* (1932), 93 Ind. App. 686, 179 N. E. 581.

The only other error assigned is the overruling of appellant's motion for a new trial. In its brief, appellant, under the heading of Points and Authorities, contends that the verdict of the jury is not sustained by sufficient evidence; that such verdict is contrary to law, and, that the court erred in refusing to permit certain witnesses of appellant to testify as to the value of the real estate sold to appellant at and prior to the time of its purchase. These reasons for a new trial are set forth in said motion as the 6th, 10th, 11th, and 12th reasons why a new trial should be granted.

A consideration of the evidence is required to determine if the alleged errors, or any one of them, occurred, and appellees contend that the evidence is not before us.

The record discloses that appellant's motion for a new trial was overruled on November 4, 1931, the same being the 52nd judicial day of the September term, 1931, of court, at which time, no time to prepare and file a bill of exceptions was requested or given. It further discloses that appellant's bill of exceptions containing the evidence was filed on the 20th day of January, 1932, the same being the 15th judicial day of the January term, 1932, of said court.

To become a part of the record on appeal, a bill of exceptions must be approved and filed within the term at which the motion for a new

trial was overruled, except in cases where it appears by the record that at the time of the overruling of the motion for a new trial, time was allowed by the court beyond the term, in which to file the same, and that such bill was thereafter filed within the time granted. Sec. 685 Burns R. S. 1926; *Stremmel* v. *Gaar, Scott and Co.* (1911), 176 Ind. 600, 96 N. E. 703; *Bass* v. *State* (1918), 188 Ind. 21, 120 N. E. 657; *Tozer, Admr.* v. *Hobbs' Estate* (1923), 79 Ind. App. 258, 137 N. E. 715; *Hatfield, Trustee,* v. *Ralston* (1927), 85 Ind. App. 621, 155 N. E. 221; *Bolka* v. *File* (1931), 92 Ind. App. 454, 176 N. E. 108.

The bill of exceptions containing the evidence not having been filed during the term in which the motion for a new trial was overruled, and the appellant not having been allowed time beyond the term for the filing of such bill at the time its motion for a new trial was overruled, no question is presented under its second assignment of errors for the consideration of this court. Judgment affirmed.