MONAWA TRIBE NO. 352, I. O. A. M., ETC. ET AL. *v.* WILEY ET AL.

[No. 18,688. Filed May 15, 1957. Rehearing denied July 19, 1957. Transfer denied October 2, 1957.]

*Chauncey W. Duncan,* of Rushville, and *Herrod Carr,* of Greensburg, for appellants.

*Donald L. Brunner, Brunner, Brown & Brunner,* of Shelbyville, and *Vance M. Waggoner,* (of counsel) of Rushville, for appellee.

BOWEN, C. J.—The appellants Monawa Tribe No. 352, I. O. R. M. of St. Paul, Indiana; Monawa Tribe No. 352 Improved Order of Red Men, of St. Paul, Indiana; Monawa Tribe No. 352 I. O. R. M. of Decatur County, Indiana; and Monawa Tribe No. 352, Improved Order of Red Men of Decatur County, Indiana, are one and the same entity and because of the fact that there is but one tribe of the Improved Order of Red Men located in St. Paul, Decatur County, Indiana, which is designated in divers and numerous instances in the record by the various names above set out, said appellant will be referred to herein as Tribe 352.

This action was instituted by the appellee Charles H. Wiley by complaint against the appellant Tribe 352, August Fagel, Bernard Cuskaden and the whole world to quiet title to certain real estate in the town of St. Paul, Decatur County, Indiana, and to recover damages for its wrongful detention. By way of counter-claim the appellant Tribe 352 asserted the ownership of an easement in said real estate and certain rights, privileges and benefits in the building located thereon in the enjoyment of which the appellee has wrongfully interfered to said appellant's damage in the sum of $1,500. Issues were joined on these pleadings and submitted to the court for trial which resulted in a finding for the appellee Wiley on his complaint and against the appellants on their counter-claim. Judgment was entered quieting title in the appellee Wiley to the real estate described in his complaint against the appellant Tribe 352 and the world and against the appellants August Fagel, Bernard Cuskaden and Tribe 352 and each of them in the sum of $1,025 as damages for the wrongful detention of the premises involved. This judgment is predicated upon facts specially found and conclusions of law stated thereon. The appellants assert that there is insufficient evidence to support many of the court's findings but even though properly found they do not warrant the law the court applied thereto.

So far as they are material to be stated, the facts specially found are that on August 21, 1935, Tribe 352 was the owner of real estate in Decatur County, Indiana, described as follows: "Beginning at the northwest corner of Lot No. 8 in Block No. 3 in the Original Plat of the Town of St. Paul; thence southeast with the north line of said Lot 60 feet; thence southwest parallel with the west line of said Lot 60 feet; thence northwest parallel with the north line of said Lot 60 feet to the east line of Webster Street; thence northeast with

said line 60 feet to the place of beginning." On said August 21, 1935, Tribe 352 conveyed the above described real estate to the St. Paul Building Association by warranty deed in which the following provisions appear:

"This conveyance is made subject to the upper story of the building located on the above described real estate together with the ingress and egress thereto and therefrom which is hereby retained by the grantor herein for the use and benefit of Monawa Tribe No. 352 I. O. R. M. and Monawa Council, No. 194 Degree of Pocahontas upon the following terms and conditions to wit:

"That said Monawa Tribe and Monawa Council shall use said upper story for their Lodge meetings and social functions; so long as they comply strictly with the by-laws of said Monawa Tribe No. 352; under a proper charter from the Grand Lodge of the I. O. R. M.

"That said Monawa Tribe may rent temporarily the said upper story to various persons and organizations for the purpose of having Charitable educational and social functions at which meals and non intoxicating drinks may be served and private dances and card parties may be had, but in no event shall said upper story be used by open public dances or open public card parties.

"That said Monawa Tribe shall keep the interior of said upper story and the stairway thereto in proper repair at its own expense and to the approval of the owners of the fee of said described real estate.

"That in event, the said Monawa Tribe shall cease to function in the town of St. Paul, Indiana as a Lodge under a proper charter from the Grand Lodge I. O. R. M. or in the event that said Tribe or said Council violates any of these terms or provisions of the foregoing or permits the use of said upper story to become a nuisance to the public and the owners of the fee of said property, then and in that event the rights of Monawa Tribe and Monawa Council to said upper story shall cease and the use and occupancy of said upper story shall revert

to and become the absolute right and property of the owners of the fee of said real estate."

On September 4, 1935, St. Paul Building Association conveyed said real estate to the appellee Charles H. Wiley and his wife Gertha by warranty deed which contained the identical terms and conditions stipulated in the deed from Tribe 352 to St. Paul Building Association and which we have quoted verbatim above. Gertha Wiley is now deceased and the appellee Charles H. Wiley, as her surviving husband, is the sole owner of said real estate. The appellant Tribe 352 is in possession of the second or upper floor of the building mentioned in said deed under a claim of right based on said speical terms and provisions therein contained which were written and incorporated in the deed to St. Paul Building Association at the instance of the grantor Tribe 352.

The by-laws of Tribe 352 provide that there shall be a meeting of the membership on Tuesday of each week in the year and the constitution of the Great Council of Indiana, Improved Order of Red Men, requires that each subordinate lodge shall meet at least twice each month or more often if so provided by its by-laws. Nevertheless said Tribe has had no regular meetings at which a quorum of its members was present since May, 1946. Said Tribe 352 has made no repairs on the premises from 1935 to the present date but has allowed the second floor of the building, reserved for its use under the terms of the deeds heretofore set out, to become so rundown as to constitute a nuisance to the appellee Wiley. On January 19, 1951, said appellee, by way of asserting his right to the possession of the whole premises described in his deed, placed a padlock on the entrance door to the stairway leading to the second floor of the building involved. On March 5, 1951, the appel-

lant Bernard Cuskaden and August Fagel removed the padlock so installed and, together with other members of Tribe 352, have occupied said second floor premises to this day. That the reasonable rental value of the premises so occupied by Tribe 352 is $25.00 per month. On these facts the court concluded that the law is with the appellee Charles H. Wiley and rendered the judgment heretofore set out. The court further concluded as a matter of law that by the deed from Tribe 352 to St. Paul Building Association on August 21, 1935, said Tribe reserved to itself "a mere right to use, or a mere license to use, the upper floor of the building located on the real estate therein described" which license or use it had forfeited and lost by its breach of the conditions upon which it was predicated.

The appellants attack this judgment in 18 particulars designated in their briefs as "Points." All of them with the exception of "Points 9, 13 and 14" are built around and ramify the general theme of this appeal which is to the effect that the deed from Tribe 352 to St. Paul Building Association, being subject, under express conditions, to the grantor's use and occupancy of the upper story of the building located on the real estate conveyed, constituted a grant of said upper story by St. Paul Building Association to said Tribe 352 and created in said Tribe an estate upon a condition subsequent. That upon the breach of the condition subsequent such estate would revert to the grantee St. Paul Building Association. That the various breaches of the condition subsequent found by the court occurred after St. Paul Building Association had sold the property. Therefore at the time of such sale all that St. Paul Building Association had, in reference to the estate of Tribe 352 in said upper floor, was the possibility of a reverter or right of re-entry. That the mere possibility that a right may arise on the happening of a contingency is neither a

present or future interest in real estate and therefore is not an estate that can be assigned or conveyed. In other words the appellants say that when the appellee Wiley bought the property from St. Paul Building Association he acquired no right to repossess the upper floor for future violation by Tribe 352 of the terms and conditions the performance of which constitutes its sole right of occupancy and user.

It is apparent that the appellants seek to evoke the law pertaining to estates on conditions subsequent and their divestiture on failure to perform such conditions. In our opinion such law has no application to the facts before us. Conditions subsequent are conditions that operate upon an estate conveyed and render it liable to be defeated for breach of such conditions in which event the estate conveyed reverts to the grantor. *Crawford et ux.* v. *Thompson* (1883), 91 Ind. 266. The St. Paul Building Association conveyed no estate or interest in real estate to Tribe 352 on condition or otherwise. It is merely the grantee in a deed wherein the real estate involved was conveyed to it subject to the right of Tribe 352 to use a part of it under certain conditions. We have sought in vain for authority to the effect that the grantee in a deed which reserves an estate in the grantor can be considered the grantor of the estate reserved. Such a grantee is merely the recipient of the fee subject to certain rights the grantor reserves to himself as long as he complies with the stipulated conditions. Upon his failure to do so his rights terminate and the grantee's fee becomes unencumbered. There is no question of conditions subsequent and reverters involved. The right of user reserved by the grantor is merely extinguished.

The St. Paul Building Association took the property subject to certain conditional rights reserved unto itself by the grantor Tribe 352 and the appellee Charles H.

Wiley took the property from St. Paul Building Association subject to the same rights in Tribe 352. The situation is little different than had Tribe 352 been in possession of the upper floor of the building involved under a lease and said building sold to the appellee Wiley during the life of said lease and while the terms thereof were not in default. Upon the failure of Tribe 352 to comply with the terms of the lease certainly no one would question Wiley's right to quiet his title as against any claims predicated upon such lease and to recover damages for the unlawful detention of the premises involved.

Sanction of the position taken by Tribe 352 would permit its rent free use of the upper story of the building located on the premises notwithstanding its failure to comply with the terms and conditions it created itself and incorporated in its deed to St. Paul Building Association and upon which its right to such use rests. This court said in *Ramsey* v. *Yount* (1918), 68 Ind. App. 378; "The further rule is also well recognized that, where a grantee accepts a deed and takes possession of the real estate thereby conveyed, he is bound by the conditions of the deed in like manner as if he had signed an agreement incorporating such conditions, for the reason that in equity he will not be permitted to accept alone the beneficial provisions of a will, deed or contract without at the same time accepting the burdens." Certainly this equitable principle applies in reverse to a grantor who retains the use of a part of the property conveyed upon conditions he writes into the deed himself.

Appellants' "Point No. 9" is to the effect that the appellee Wiley's ownership of the upper floor of the building in controversy is a necessary element to his right to recover. That the court failed to so find and we must therefore consider that it

found against said appellee on that question and thereby rendered any decision in his favor contrary to law. By its finding No. 4 the court found that the appellee Wiley has been since September 4, 1935, and is now, the fee simple owner of the real estate described in its finding No. 1. Finding No. 1 describes in particular the real estate involved in these proceedings and finding No. 2 specifically locates the upper floor of the building in controversy upon the real estate described in finding No. 1. Thus it is apparent that appellants' "Point 9" is without merit.

Under their "Point 13" the appellants say there is no finding of fact or conclusion of law that supports the judgment for the appellee Wiley assessing his damages in the sum of $1,025. The court found that appellants repossessed the disputed premises on March 5, 1951, and the reasonable rental value thereof at that time and prior thereto was $25.00 per month. The court also found that Tribe 352 had been in default of the conditions upon which it occupied, rent free, the upper floor of said building since 1948. On the basis of a rental of $300 per year from 1948 to the date of the judgment a finding of $1,025. damages is amply supported and by its conclusion of law No. 4 the court considered that the appellee Wiley was entitled to recover that amount from the appellants. The facts so found and the conclusions of law stated warrant the judgment rendered on the question of damages.

Appellants' "Point 14" is based on the theory that proof of re-entry of the disputed premises by Wiley was essential to his right to recover and the fact that the court made no finding in reference to re-entry is equivalent to a finding against said appellee on that necessary element of his case. We agree that if the appellee Wiley's rights were predicatd upon the appellants' breach of condition subsequent, proof of

such breach alone would not determine the estate but, after such breach, an entry, or some act equivalent thereto, is necessary to revest the estate in the grantor. *Ralston* v. *Hatfield, Trustee* (1924), 81 Ind. App. 641, 143 N. E. 887. As we have heretofore stated the record before us does not present a situation concerning conditions subsequent, and the rules relating to the reverter of estates to grantors has no application to the facts in this case and proof of re-entry was unnecessary. However, even if it were the court found that the appellee Wiley locked the appellants out of the premises on January 19, 1951, which act in our opinion is the equivalent of re-entry as required by the holding in *Ralston* v. *Hatfield, Trustee, supra*.

Judgment affirmed.

NOTE.—Reported in 142 N. E. 2d 488.